EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Jaime L. Vázquez Bernier (TS-10,063) | 2017 TSPR 124  198 DPR ____ |
|---|---|

Número del Caso: AB-2015-457

Fecha: 26 de junio de 2017

Abogado del promovido:

      Por derecho propio

Oficina del Procurador General:

      Lcdo. Isaías Sánchez Báez
      Subprocurador General

      Lcda. María Ortiz Toral
      Procuradora General Auxiliar

Materia: La suspensión será efectiva el 6 de julio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jaime L. Vázquez Bernier                    AB-2015-457
       (TS-10,063)

*PER CURIAM*

En San Juan, Puerto Rico, a 26 de junio de 2017.

Hoy nos vemos obligados a suspender a un miembro de la profesión legal por infringir los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, infra, durante la tramitación de un pleito ante el Tribunal de Primera Instancia, y por desatender los requerimientos de este Tribunal y de la Oficina del Procurador General. Estos son los hechos que dieron inicio a este procedimiento disciplinario.

I

El 29 de diciembre de 2015, el Dr. José R. Rodríguez Santiago (doctor Rodríguez Santiago o quejoso) presentó una queja contra el Lcdo. Jaime L.

Vázquez Bernier.[1] Explicó que contrató al licenciado para que lo representase en una demanda de cobro de dinero e incumplimiento de contrato. Relató que la demanda se presentó el 14 de junio de 2012 y planteó que el licenciado no realizó ninguna gestión en la tramitación de su causa de acción a partir de dicho momento. Además, alegó que desconoce cuál es el estado de su reclamación porque no ha logrado comunicarse con el letrado, a pesar de que intentó contactarlo en múltiples ocasiones mediante cartas, correos electrónicos y llamadas telefónicas. En ese contexto, explicó que contrató al Lcdo. Ángel L. Tapia Flores para que asumiese su representación legal e indicó que éste tampoco consiguió comunicarse con el licenciado. Finalmente, afirmó que se siente desatendido por el letrado y que sospecha que no recuperará el dinero que reclamó en su demanda, a saber, la cantidad de $424,187.50.

La Secretaría de este Tribunal le cursó dos (2) comunicaciones al licenciado Vázquez Bernier requiriéndole que presentase su contestación a la queja en un término de diez (10) días.[2] El letrado incumplió con los plazos provistos, por lo que, el 21 de septiembre de 2016, emitimos una Resolución concediéndole un término final e improrrogable de cinco (5) días para que cumpliese con lo ordenado.[3]

---

[1] El Lcdo. Jaime L. Vázquez Bernier fue admitido al ejercicio de la abogacía el 13 de enero de 1992 y prestó juramento como notario el 8 de junio de 1993.
[2] Según surge del expediente, las comunicaciones se cursaron el 4 de enero y el 8 de abril de 2016.
[3] La Resolución se notificó personalmente al licenciado el 23 de septiembre de 2016.

El 30 de septiembre de 2016, el licenciado Vázquez Bernier presentó su contestación a la queja. Explicó que conoció al quejoso en el 2005 y que entre ellos se desarrolló una relación de amistad. Relató que, a mediados del 2012, el doctor Rodríguez Santiago le comentó que tenía un problema con un suplidor, pues adquirió $24,187.50 en losas de mármol que no le fueron entregadas. Afirmó que le recomendó al quejoso que presentase una querella en la Policía, pero que también le indicó que entendía que la acción criminal estaría prescrita debido a que la transacción se consumó en el 2003. Explicó que inquirió sobre los pormenores del negocio jurídico, a lo cual éste le respondió que el comercio se comprometió a almacenar gratuitamente su mercancía. De igual forma, relató que le solicitó al quejoso copia del contrato de compraventa y que éste le manifestó que sólo contaba con una factura. Así, afirmó que le especificó al quejoso la prueba que necesitaría para instar su reclamación judicial.

Por otro lado, aclaró que las gestiones que realizó en representación del doctor Rodríguez Santiago se dieron en el contexto de ayudar a un amigo, por lo que no suscribió un contrato de servicios profesionales. Explicó que, por tal razón, las comunicaciones con el quejoso siempre fueron mediante llamada telefónica o visita y negó que existiesen comunicaciones escritas.

En cuanto a la tramitación del pleito, relató que el procedimiento se retrasó por los problemas de salud que sufrió la representación legal de la parte demandada. Expuso

que intentó reunirse en más de una ocasión con dicho abogado para preparar el Informe del Manejo del Caso, pero afirmó que sus gestiones resultaron infructuosas. Por tanto, señaló que la no presentación del Informe estuvo justificada y que la representación legal de la parte demandada le indicó que presentaría una moción de reconsideración para que se dejase sin efecto la sanción económica que le fue impuesta.

De otra parte, afirmó que no compareció a la vista que se celebró el 25 de noviembre de 2013 por motivos de salud, de lo cual informó al tribunal oportunamente. Asimismo, relató que tampoco compareció a una vista que el tribunal señaló para el 28 de enero de 2014 –que anotó en su calendario para el 28 de enero de 2015–, de la cual también fue excusado.

Por otro lado, advirtió que la parte demandada presentó una solicitud de desestimación, por lo que, en febrero de 2014, sometió una moción explicando que dialogó con la representación legal de dicha parte sobre los documentos que necesitaba para replicar a la petición de desestimación. En ese contexto, expresó que se comprometió a desistir de la reclamación si los documentos provistos acreditaban que la demanda era inmeritoria y señaló que nunca recibió la información solicitada.

De igual forma, planteó que su cliente tampoco le entregó la prueba que necesitaba para tramitar el litigio. Explicó que, seis meses después de haber presentado la demanda, el quejoso le entregó un listado de las llamadas que efectuó siete años después de haberse perfeccionado la

transacción, "sin detalle de qui[é]n realizó las llamadas, con qui[é]n se sostuvo la conversación y en qu[é] consistió la conversación".[4] Además, explicó que recibió una nota *Post-it* con varios nombres -algunos sin apellido- sin identificar quiénes eran y cuál era su relevancia en el caso, y sin sus datos personales e información de contacto. Por último, indicó que el quejoso le entregó un borrador de una declaración jurada suscrita por una de sus empleadas sobre las gestiones que realizó para obtener la entrega de la mercancía.

El licenciado Vázquez Bernier alegó que le advirtió al quejoso que "quizás se debería desistir de la demanda" si la evidencia no estaba disponible, por lo que lo responsabilizó por la desestimación del pleito.[5] En ese contexto, reconoció que debió haber renunciado a la representación legal del quejoso o no haber instado la demanda hasta que se le suministrase la información requerida.

Finalmente, explicó que comenzó a reducir sus labores profesionales desde el 2014 y que, a partir de noviembre de 2015, sólo atendió asuntos que podía despachar por medios electrónicos. Ello, pues la salud de su progenitora se deterioró al punto que tuvo que encargarse de su cuidado. Admitió que no atendía la correspondencia, por lo que no se enteró de los requerimientos de este Tribunal hasta que se le notificó personalmente la Resolución concediéndole un término de cinco (5) días para contestar la queja.

---

[4] *Contestación a queja*, pág. 5.
[5] Íd., pág. 7.

Posteriormente, referimos la queja a la Oficina del Procurador General para investigación conforme a lo dispuesto en la Regla 14(d) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. El 13 de marzo de 2017, el Procurador General presentó su informe, en el cual concluyó que el licenciado Vázquez Bernier infringió los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, infra, al: (1) incumplir con las órdenes y requerimientos del tribunal durante la tramitación del pleito; (2) no renunciar oportunamente a la representación legal del quejoso cuando éste no le proveyó la información solicitada; (3) permitir que se desestimase con perjuicio una de las causas de acción de su cliente; (4) no informar a su cliente sobre las incidencias procesales del pleito; (5) no devolver el expediente cuando le fue requerido, y (6) desatender los requerimientos de su Oficina durante el procedimiento disciplinario.[6]

El 31 de marzo de 2017, emitimos una Resolución concediéndole al licenciado Vázquez Bernier un término de veinte (20) días para reaccionar al Informe del Procurador General. Le apercibimos que, de no comparecer, tomaríamos nuestra determinación sin el beneficio de su postura. El licenciado no compareció en el término provisto.

Por otro lado, el 2 de febrero de 2017, el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E.

---

[6] En específico, el 2 de marzo de 2017, la Oficina del Procurador General le cursó un requerimiento de información al licenciado Vázquez Bernier, en el cual le solicitó que informase si devolvió el expediente del caso y si notificó la sentencia al quejoso. *Informe de la Oficina del Procurador General*, págs. 19-20.

Ávila De Jesús, presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios*. En esencia, explicó que el licenciado Vázquez Bernier incumplió con nuestra Resolución del 1 de diciembre de 2016, en la cual le concedimos un término de veinte (20) días para que entregase los Protocolos para los años naturales 1993 y 1994, y un término de sesenta (60) días para subsanar las deficiencias identificadas en su obra notarial.[7] Por consiguiente, nos solicitó que suspendamos inmediata e indefinidamente al licenciado del ejercicio de la notaría y que le confiramos un término final e improrrogable de treinta (30) días para cumplir con lo ordenado, so pena de ser referido a un procedimiento de desacato.

II

El Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas mínimas de conducta que deben seguir los miembros de la profesión legal en el ejercicio de sus funciones. In re Armenteros Chervoni, 195 DPR 693, 699 (2016); In re Nazario Díaz, 195 DPR 623, 634 (2016). Ello, en aras de promover un comportamiento ejemplar por parte de los letrados que beneficie a la ciudadanía, a la profesión y a las instituciones de justicia. In re Ortiz, Rivera, 195 DPR 122, 131 (2016); In re Mulero Fernández, 174 DPR 18, 29 (2008).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, le impone a los abogados el deber de observar una

---

[7] Ello pues, el 6 de septiembre de 2016, ordenamos la incautación preventiva de la obra notarial del licenciado por su falta de cooperación con el proceso de inspección.

conducta hacia los tribunales que se caracterice por el mayor respeto. In re De León Rodríguez, 190 DPR 378, 390 (2014). Entre otras cosas, este deber incluye la obligación de atender con prontitud las órdenes y requerimientos del foro judicial. In re Irizarry Rodríguez, 193 DPR 633, 660 (2015); In re Fontánez Fontánez, 181 DPR 407, 416 (2011). Por lo tanto, un abogado quebranta este Canon cuando incumple con las órdenes del tribunal, ya que dicho proceder constituye una afronta al poder judicial. In re Rodríguez Quesada, 195 DPR 967, 969 (2016). De igual forma, se infringe este Canon cuando se ignoran los requerimientos de la Oficina del Procurador General. In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

Por otro lado, el Canon 12 de Ética Profesional, 4 LPRA Ap. IX, exige que los miembros de la profesión tramiten "las causas que le son encomendadas con puntualidad y diligencia, lo cual conlleva desplegar todas las diligencias necesarias para asegurar que no se causen dilaciones indebidas". In re Prado Galarza, 195 DPR 894, 904 (2016). La obligación de ser puntual en la tramitación del pleito se extiende a todas las etapas del litigio. Íd. En particular, hemos expresado que "la incomparecencia injustificada a las vistas señaladas por el tribunal y las actuaciones que coloquen en riesgo la causa de acción de los clientes" configuran violaciones a este Canon. In re Miranda Daleccio, 193 DPR 753, 761 (2015).

Por su parte, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que los letrados defiendan los intereses de su cliente de forma competente.

In re Roldán González, 195 DPR 414, 422 (2016); In re Rivera Nazario, 193 DPR 573, 582 (2015). En lo pertinente, este Canon dispone lo siguiente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

> Es deber del abobado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. 4 LPRA Ap. IX, C. 18.

Por consiguiente, cualquier actuación que pueda conllevar, o en efecto conlleve, la desestimación o el archivo de un caso constituye una infracción a este Canon. In re Pietri Torres, 191 DPR 482, 488 (2014); In re Nieves Nieves, 181 DPR 25, 37 (2011).

El Canon 19 del Código de Ética Profesional, 4 LPRA Ap. IX, exige que el abogado sostenga una comunicación efectiva con su cliente, por lo que éste debe mantenerlo informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. In re Nazario Díaz, supra, pág. 638; In re Cuevas Borrero, 185 DPR 189, 200 (2012). Así, se infringe este Canon cuando "no se atienden los reclamos de información que el cliente solicita; no se le informa del resultado adverso de la gestión encargada; la acción se desestima o se archiva; no se mantiene al cliente al tanto del estado o la situación procesal del caso, o, simplemente, se le niega información del caso". In re Reyes Coreano, 190 DPR 739, 752-753 (2014).

Por otro lado, el Canon 20 de Ética Profesional, 4 LPRA Ap. IX, regula lo relacionado al relevo de representación legal. Este Canon exige que un abogado renuncie a la representación de su cliente cuando éste es negligente y no coopera con la tramitación del pleito. In re Rivera Nazario, supra, págs. 585-586; In re Cruz Tollinche, 112 DPR 699, 699-700 (1982). Ello, pues "[n]o renunciar le impide al letrado representar adecuadamente a su cliente", por lo que continuar llevando el caso constituye un error de juicio y configura una violación a este Canon. In re Ramos Hernández, 183 DPR 647, 655 (2011).

Finalmente, el Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que los letrados se esfuercen al máximo de sus capacidades para exaltar el honor y la dignidad de la profesión. In re Ortiz, Rivera, supra, págs. 133-134; In re Villalba Ojeda, 193 DPR 966, 975 (2015). Así, en reiteradas ocasiones hemos expresado que "los abogados son el espejo donde se refleja la imagen de la profesión", por lo que éstos "deben actuar conforme al puntual sentido de responsabilidad que impone la función social que ejercen". In re Prado Galarza, supra, pág. 906 (citando a In re Rodríguez Vázquez, 176 DPR 168, 177 (2009)). Véase también In re Gordon Menéndez, 183 DPR 628, 642 (2011).

III

Según se desprende del expediente, el 21 de junio de 2012, el licenciado Vázquez Bernier presentó, en representación del quejoso, una demanda de cobro de dinero e

incumplimiento de contrato. En esta, alegó que, el 10 de febrero de 2003, su representado adquirió $24,187.50 en losas de mármol de la parte demandada, las cuales no le fueron entregadas. En la demanda, solicitó la devolución de la suma satisfecha y una compensación de $50,000 en concepto de daños y perjuicios, así como $7,981.88 en honorarios de abogado.

El 27 de agosto de 2012, la parte demandada presentó su alegación responsiva, en la cual planteó que la causa de acción del quejoso era inmeritoria. Aceptó que el doctor Rodríguez Santiago adquirió las losas de mármol en controversia, pero alegó que éste no intentó recogerlas hasta el 2009, por lo que acumuló gastos de almacenaje que excedían el costo del producto. Así, afirmó que, entre el 2009 y 2010, le informó al doctor Rodríguez Santiago que había dispuesto de la mercancía. Por otro lado, argumentó que no procedía la demanda instada contra el Sr. Erick Halais en su carácter personal, ya que el quejoso contrató con Travertino Romano, Inc., una corporación con personalidad jurídica propia. Por tanto, solicitó que se declarase sin lugar la demanda y que se le concediesen $7,500 en concepto de honorarios de abogado.

El 5 de septiembre de 2012, el Tribunal de Primera Instancia emitió una orden concediéndole a las partes hasta el 15 de noviembre de 2012 para someter el Informe para el Manejo del Caso. Las partes incumplieron con el término provisto por lo que, el 26 de diciembre de 2012, el tribunal

les impuso una sanción de $50 y les concedió hasta el 31 de enero de 2013 para presentar el Informe.

El 25 de enero de 2013, la representación legal de la parte demandada presentó una *Moción en Solicitud de Reconsideración*, en la cual solicitó que se relevara a ambos abogados de las sanciones impuestas, ya que el incumplimiento se debió a los problemas de salud que enfrentó durante septiembre y octubre de 2012. El 5 de febrero de 2013, el Tribunal de Primera Instancia dejó sin efecto las sanciones y le concedió a las partes un término de veinte (20) días para que presentasen el Informe para el Manejo del Caso.

El 6 de marzo de 2013, las partes, por conducto de sus respectivas representaciones legales, presentaron una *Moción Informativa en Cumplimiento de Orden*, en la cual expresaron que presentarían el Informe en o antes del 29 de marzo de 2013. A pesar de lo anterior, las partes no presentaron el Informe dentro del término provisto.

El 9 de mayo de 2013, el Tribunal de Primera Instancia señaló la Conferencia con Antelación al Juicio para el 25 de noviembre de 2013 y le apercibió a las partes que, de no presentar el Informe, les impondría sanciones económicas.

El 13 de agosto de 2013, la parte demandada presentó una *Moción Solicitando Desestimación*, en la que planteó que procedía la desestimación del pleito debido a que la parte demandante no efectuó trámite alguno durante los últimos seis (6) meses. Posteriormente, la parte demandada presentó una segunda moción de desestimación. En esta, solicitó la

desestimación de la reclamación instada contra el señor Halais en su carácter personal debido a que el quejoso adquirió el producto de una corporación con personalidad jurídica propia.[8]

El 20 de septiembre de 2013, tras evaluar las solicitudes de desestimación ante su consideración, el Tribunal de Primera Instancia notificó una orden concediéndole a la representación legal del doctor Rodríguez Santiago un término de veinte (20) días para que expusiese su posición al respecto. En el ínterin, el 13 de septiembre de 2013, el licenciado Vázquez Bernier presentó una *Moción Informativa y Solicitud de Término*, en la cual expresó que confrontó problemas de salud que culminaron con una intervención quirúrgica que se celebró el 9 de septiembre de 2013, por lo que requirió un término adicional de treinta (30) días para replicar a las mociones de desestimación presentadas por la parte demandada. El 24 de septiembre de 2013, el foro primario declaró ha lugar la solicitud del licenciado.

El 25 de noviembre de 2013, se celebró la Conferencia con Antelación a Juicio. El licenciado Vázquez Bernier no compareció, pero se excusó oportunamente. Así, la vista se recalendarizó para el 28 de enero de 2014. Sin embargo, ninguna de las partes compareció a este señalamiento, por lo que, el 28 de enero de 2014, el Tribunal de Primera Instancia le concedió un término de diez (10) días a los

---

[8] Según surge del expediente, la segunda moción de desestimación se presentó el 28 de agosto de 2013. *Informe de la Oficina del Procurador General*, pág. 13.

abogados de las partes para que mostrasen causa por la cual no debía imponérseles una sanción de $500 por su incomparecencia.

El 10 de febrero de 2014, el licenciado Vázquez Bernier presentó una *Moción Informativa en Cumplimiento de Orden*. Explicó que le cursó un requerimiento de documentos a la parte demandada con el propósito de acreditar que Travertino Romano, Inc. no era un *alter ego* del señor Halais. Por lo anterior, solicitó que se le ordenase a la parte demandada a cumplir con la producción de documentos en un término de treinta (30) días y que se le concediese un término de quince (15) días para oponerse a las solicitudes de desestimación. Ese mismo día, el licenciado también presentó una demanda enmendada, en la cual reiteró que la corporación era un *alter ego* de los demandados, por lo que éstos respondían solidariamente.

El 14 de febrero de 2014, el Tribunal de Primera Instancia emitió una orden mediante la cual denegó la enmienda a la demanda. Además, le concedió un término de diez (10) días a la parte demandante para que expusiese su posición en cuanto a los documentos solicitados.

El 5 de marzo de 2014, el licenciado Vázquez Bernier presentó una *Moción Informativa Sobre Fechas Ofrecidas para Conferencia sobre el Estado de los Procedimientos*, en la cual identificó varias fechas hábiles para pautar la conferencia sobre el estado de los procedimientos. El tribunal calendarizó el señalamiento para el 27 de mayo de 2014. Sin embargo, el licenciado Vázquez Bernier se

ausentó de la vista, por lo que el foro primario notificó una *Minuta* mediante la cual le impuso una sanción de $400 por su incomparecencia y por su incumplimiento con las órdenes del tribunal. Además, según surge de la *Minuta*, dictó sentencia desestimando la reclamación instada contra el señor Halais en su carácter personal.

Así las cosas, el 23 de octubre de 2014, el Tribunal de Primera Instancia emitió una sentencia declarando ha lugar la moción de desestimación de la parte demandada y desestimando con perjuicio la misma reclamación al amparo de la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V. En su sentencia, resaltó el incumplimiento reiterado del licenciado Vázquez Bernier con las órdenes del tribunal y destacó que éste nunca presentó su posición en torno a las mociones de desestimación que obraban en el expediente.

Luego de evaluar la conducta del licenciado Vázquez Bernier a la luz de los hechos reseñados, concluimos que el licenciado infringió los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, <u>supra</u>.

En primer lugar, el letrado desatendió las múltiples órdenes que emitió el foro primario requiriéndole que se expresase sobre las mociones de desestimación que presentó la parte demandada y se ausentó de varias vistas señaladas durante la tramitación del procedimiento. Dicho proceder configuró una violación a los Cánones 9 y 12 de Ética Profesional, <u>supra</u>. Como previamente mencionamos, el Canon 9, <u>supra</u>, impone a los abogados el deber de observar una conducta hacia los tribunales que se caracterice por el

mayor respeto, por lo que ignorar los requerimientos del foro judicial configura una infracción a este Canon. In re Rodríguez Quesada, supra, pág. 969. De igual forma, la desatención a las órdenes y señalamientos del tribunal constituye una violación al Canon 12, supra, toda vez que este exige que los letrados tramiten las causas que le son encomendadas con puntualidad y diligencia, de modo que no se ocasionen dilaciones indebidas en la adjudicación del pleito. In re Prado Galarza, supra, pág. 904.

Por otro lado, el Canon 18 del Código de Ética Profesional requiere que los abogados defiendan los intereses de su cliente de forma competente. In re Roldán González, supra, pág. 422; In re Rivera Nazario, supra, pág. 582. Por lo tanto, cualquier actuación que pueda conllevar, o en efecto conlleve, la desestimación o el archivo de un caso constituye una infracción a este Canon. In re Pietri Torres, supra, pág. 488. En el caso de autos, la desidia del licenciado Vázquez Bernier ocasionó que se desestimase con perjuicio una de las causas de acción de su cliente, por lo que su conducta también infringió este Canon.

De otra parte, el Canon 19, supra, exige que el abogado mantenga a su cliente informado de todo asunto importante que surja en el desarrollo del caso que le fue encomendado. In re Nazario Díaz, supra, pág. 638. En el caso que nos ocupa, el licenciado Vázquez Bernier no informó a su cliente tan siquiera de la desestimación que realizó el foro

primario, por lo que su proceder quebrantó la obligación impuesta por este Canon.[9]

Por otro lado, el licenciado infringió el Canon 20 de Ética Profesional, supra. Ello, pues de los documentos que obran en los autos del caso no surge que el letrado le haya devuelto el expediente al quejoso, a pesar de los múltiples requerimientos que éste le hizo a tales efectos. De igual forma, el licenciado transgredió este Canon al no renunciar oportunamente a la representación del quejoso cuando se percató de que éste, según él, no estaba cooperando con la tramitación del pleito. Véase In re Rivera Nazario, supra, págs. 585-586; In re Cruz Tollinche, supra, págs. 699-700.

En vista de lo anterior, resulta forzoso concluir que el licenciado Vázquez Bernier no exaltó el honor y la dignidad de la profesión, por lo que su conducta también infringió el Canon 38 del Código de Ética Profesional, supra. In re Ortiz, Rivera, supra, págs. 133-134; In re Villalba Ojeda, supra, pág. 975.

Finalmente, cabe resaltar que el licenciado desatendió los requerimientos de la Oficina del Procurador General durante el procedimiento disciplinario. Además, según se desprende de la *Moción notificando incumplimiento de orden y en solicitud de remedios* presentada por el Director de la ODIN, el letrado también incumplió con los términos que le fueron provistos para que subsanase las deficiencias identificadas en su obra notarial y para que entregase los

---

[9] De hecho, el licenciado Vázquez Bernier admitió en su contestación a la queja que no atendía la correspondencia "por no hacer uso de dicho método" de comunicación. *Contestación a queja*, pág. 8.

protocolos que formó para los años naturales 1993 y 1994. Ambas actuaciones configuran una violación a los Cánones 9 y 12 del Código de Ética Profesional, supra. Véase In re Irizarry Irizarry, supra, pág. 375.

El trámite procesal antes descrito, así como la desatención del licenciado a nuestras órdenes y a los requerimientos de la Oficina del Procurador General, denotan un patrón de irresponsabilidad que, a nuestro juicio, lo inhabilita para continuar ejerciendo la profesión. Tal y como surge del expediente, el licenciado incumplió en reiteradas ocasiones con las órdenes del Tribunal de Primera Instancia y se ausentó de tres vistas que fueron debidamente señaladas. De igual forma, no presentó el Informe para el Manejo del Caso, ni se opuso a las dos mociones de desestimación que presentó la parte demandada, entre otras omisiones durante el proceso judicial. No podemos permitir que los miembros de la profesión se comporten con tal desidia en perjuicio a los derechos de sus clientes.

IV

Luego de concluir que el licenciado Vázquez Bernier infringió los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, supra, nos resta determinar cuál es la sanción correspondiente. Según hemos explicado, al momento de imponer una sanción disciplinaria debemos considerar: el historial previo del abogado; su reputación en la comunidad; si esta constituye su primera falta y si alguna parte resultó perjudicada; la aceptación de la falta y su sincero arrepentimiento; si la conducta se realizó con ánimo de

lucro; si se trata de un comportamiento aislado; el resarcimiento al cliente, así como cualquier otra consideración pertinente a los hechos. In re Morell Bergantiños, 195 DPR 759, 765 (2016); In re Peña, Santiago, 185 DPR 764, 787 (2012).

En el caso de autos, las actuaciones del licenciado perjudicaron directamente los intereses de su cliente, pues sus acciones provocaron la desestimación con perjuicio de la causa de acción que le fue encomendada. En ocasiones anteriores, hemos sancionado conducta similar con una suspensión de tres meses. Véase In re Morell Bergantiños, supra; In re Ramos Hernández, supra. No obstante, en el caso de autos el letrado también infringió otros preceptos éticos, por lo que debemos atemperar su sanción para que refleje la gravedad de su conducta.

Por consiguiente, suspendemos inmediatamente al Lcdo. Jaime L. Vázquez Bernier por un término de seis (6) meses del ejercicio de la abogacía e indefinidamente del ejercicio de la notaría. En consecuencia, la fianza notarial queda automáticamente cancelada.

El señor Vázquez Bernier deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y, de proceder, devolver los honorarios que haya recibido para servicios profesionales que no podrá realizar. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial o administrativo ante el cual tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo

anterior dentro del término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere acarrear que no se le reinstale cuando lo solicite.

Por otro lado, ordenamos al señor Vázquez Bernier a que subsane las deficiencias identificadas en su obra notarial y entregue los protocolos que formó para los años naturales 1993 y 1994 en un término de treinta (30) días, so pena de ser referido a un procedimiento de desacato.

Notifíquese personalmente al Sr. Jaime L. Vázquez Bernier esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Jaime L. Vázquez Bernier                    AB-2015-0457
    (TS-10,063)

SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente al Lcdo. Jaime L. Vázquez Bernier por un término de seis (6) meses del ejercicio de la abogacía e indefinidamente del ejercicio de la notaría. En consecuencia, la fianza notarial queda automáticamente cancelada.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere acarrear que no se le reinstale cuando lo solicite.

Se le ordena al señor Vázquez Bernier a que subsane las deficiencias identificadas en su obra notarial y entregue los protocolos que formó para los años naturales 1993 y 1994 en un término de treinta

(30) días, so pena de ser referido a un procedimiento de desacato.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Feliberti Cintrón no intervienen.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo