EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2019 TSPR 141   |
|                           |                 |
| Joarick S. Padilla Avilés | 203 DPR _____  |

Número del Caso:  CP-2017-5
                  (TS-12,464)


Fecha:  31 de julio de 2019


Oficina del Procurador General:

      Lcdo. Isaías Sánchez Báez
      Procurador General

      Lcda. Karla Z. Pacheco Álvarez
      Subprocuradora General

      Lcdo. Joseph Feldstein del Valle
      Subprocurador General

      Lcda. Lorena Cortés Rivera
      Subprocuradora General

      Lcda. Yaizamarie Lugo Fontanez
      Procuradora General Auxiliar


Abogados de la parte querellada:

      Lcdo. Carlos Santiago Tavarez
      Lcdo. Daniel Martínez Oquendo
      Lcdo. José A. Martínez Oquendo

Comisionada Especial:

      Hon. Ygrí Rivera de Martínez


Conducta Profesional: La suspensión será efectiva el 15 de agosto de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Lcdo. Joarick S. Padilla Avilés<br><br>(TS-12,464) | CP-2017-05 |  |

PER CURIAM

San Juan, Puerto Rico, a 31 de julio de 2019.

Este caso nos brinda la oportunidad de reiterar las consecuencias de incumplir con cinco (5) de los Cánones de Ética Profesional, _infra_, que con mayor frecuencia son objeto de la necesidad de ejercer nuestra función disciplinaria, a saber: Canon 9, Canon 12, Canon 18, Canon 19 y Canon 20, _infra_.

Con ello en mente, examinemos el trasfondo fáctico y procesal del caso de epígrafe.

I

El Lcdo. Joarick S. Padilla Avilés (licenciado Padilla Avilés) fue admitido al ejercicio de la abogacía el 16 de julio de 1998 y juramentó como notario el 5 de febrero de 1999.

En noviembre de 2004, el licenciado Padilla Avilés asumió la representación legal de la Sra. Zulma Rijos Rivera (señora Rijos Rivera o promovente), su esposo y la sociedad legal de gananciales compuesta por ambos en un pleito de daños y perjuicios en el que fueron demandados (E2CI2003-01027). Las actuaciones y omisiones del licenciado Padilla Avilés en la tramitación de este caso son las que originan este proceso disciplinario. A continuación un breve recuento de las mismas, las cuales se extendieron, aproximadamente, por el espacio de siete (7) años.

Una vez contestó la demanda el 3 de marzo de 2005, el licenciado Padilla Avilés envió un primer pliego de interrogatorio y requerimiento de documentos a la parte demandante. A pesar que esta última parte, respondió diligentemente, el licenciado Padilla Avilés no actuó de igual manera con los requerimientos enviados a sus clientes. Ante su incumplimiento, el tribunal le fijó una primera sanción económica de $100 a favor de la parte demandante.[1]

Posteriormente, la representación legal de los demandantes notificó al tribunal sus múltiples intentos para contactar al licenciado Padilla Avilés a los fines de reunirse, pero que los mismos resultaron infructuosos. De igual modo, el licenciado Padilla Avilés no compareció a la vista sobre el estado de los procedimientos pautada

---

[1] El letrado tardó casi siete (7) meses en contestar el interrogatorio.

para el 29 de agosto de 2007. Consecuentemente, el tribunal le ordenó mostrar causa por la cual no debía eliminar las alegaciones y anotarle la rebeldía a sus representados.[2] Varios meses después, el licenciado Padilla Avilés explicó al tribunal que su incomparecencia se debió a su condición de salud y anejó un informe médico que acreditaba que desde agosto de 2006 recibía tratamiento para una depresión mayor severa recurrente.

Luego de ello, el tribunal ordenó a las partes notificar tres fechas hábiles para el señalamiento del juicio. Sin embargo, al transcurrir varios meses, la representación legal de los demandantes notificó al tribunal su imposibilidad de lograr comunicación con el licenciando Padilla Avilés y que éste tampoco había respondido un segundo pliego de interrogatorio. A tales efectos, el tribunal ordenó a la parte demandada a responder lo anterior, pero, aun ante varias oportunidades, su orden fue incumplida. A raíz de ello, el 12 de diciembre de 2008, el tribunal anotó la rebeldía de los representados por el licenciando Padilla Avilés y eliminó sus alegaciones.

Posteriormente, el licenciado Padilla Avilés tampoco compareció a la vista señalada para iniciar el juicio. En esta ocasión, por vía telefónica, indicó estar enfermo. El tribunal ordenó el pago de los honorarios de perito,

---

[2]Se ordenó la notificación de tal minuta a los demandados y todas las órdenes posteriores, pero fueron devueltas por el servicio postal.

los aranceles por suspensión y someter la certificación médica.

El 24 de abril de 2009, se inició el juicio en su fondo. El licenciado Padilla Avilés compareció a esta vista, mas no cumplió con la orden anterior.[3] A la próxima vista de continuación del juicio, tampoco compareció. Esta vez, el licenciado Padilla Avilés informó que tuvo un accidente automovilístico que le impidió llegar al tribunal.

Una vez el tribunal intentó la continuación del proceso judicial, la representación legal de los demandantes dejó saber al tribunal en reiteradas ocasiones sus dificultades para contactar al licenciado Padilla Avilés. Por ello, el tribunal fijó la fecha de la continuación del juicio sin el beneficio del licenciado Padilla Avilés.

Así las cosas, el juicio continuó el 4 de diciembre de 2009. Al comparecer, el licenciado Padilla Avilés informó que estuvo hospitalizado, junto con una certificación médica. Aun cuando ese día los abogados pactaron y notificaron una fecha para reunirse, el licenciado Padilla Avilés tampoco cumplió. Asimismo, no compareció a las próximas vistas señaladas. Particularmente, ante su incomparecencia a la vista de 21 de julio de 2010, el tribunal emitió una orden de mostrar

---

[3]Posteriormente, el perito de la parte demandante confirmó al tribunal el recibo del pago de sus honorarios por el día en que fue suspendido el juicio.

causa por la que no debía ser encontrado incurso en desacato, junto con su representado.

Una vez compareció a la próxima vista pautada para la continuación del juicio, el licenciado Padilla Avilés informó al tribunal que tenía reparos en continuar los procedimientos en horas de la tarde, por lo que cuando el caso fue llamado, el licenciado Padilla Avilés no estuvo presente y se le encontró en desacato. De esta manera, la parte demandante continuó con la presentación de su prueba, sin que los demandados tuvieran el beneficio de la presencia de su abogado. El licenciado Padilla Avilés tampoco asistió a la vista fijada para dictar sentencia, a pesar de que comparecieron sus representados.

Finalmente, el 5 de octubre de 2011, el tribunal dictó sentencia declarando con lugar la demanda y condenando a la promovente, junto a su esposo y la sociedad legal de gananciales, al pago de $70,000 en daños y perjuicios y $15,000 en honorarios de abogado. El licenciado Padilla Avilés apeló el dictamen ante el Tribunal de Apelaciones, quien confirmó la sentencia, no sin antes resaltar el patrón de incumplimiento y dilación desplegado por el letrado.

Al cabo de un tiempo, la parte demandante solicitó ejecución de sentencia y orden de embargo sobre los bienes de los demandados. En éstas, no se certificó notificación al licenciado Padilla Avilés. Posteriormente, el licenciado Padilla Avilés presentó

ante el tribunal una moción de renuncia de representación legal, bajo la premisa que no tenía comunicación con sus representados, entiéndase, la señora Rijos Rivera, su esposo y la sociedad legal de gananciales. Sin embargo, las direcciones que ofreció de sus representados fueron incorrectas, lo que privó que éstos conocieran de tal solicitud. El tribunal concedió el relevo de representación.

A finales del año 2015, la señora Rijos Rivera presentó una queja en contra del licenciado Padilla Avilés (AB-2015-453). Alegó que éste infringió varios Cánones de Ética Profesional al representarla en el caso explicado anteriormente, toda vez que: (i) incumplió con las órdenes y citaciones del tribunal; (ii) no le informó de la sentencia que recayó en su contra, de la cual ella tuvo conocimiento al recibir una orden de embargo; y (iii) no le informó sobre su renuncia al caso.

A las alegaciones anteriores, el licenciado Padilla Avilés respondió que la mayoría de sus incomparecencias ante el tribunal se debieron a sus percances de salud. Específicamente, a su alegado padecimiento de depresión mayor severa recurrente. Además, destacó que cumplió con las sanciones económicas impuestas por el tribunal. Por otra parte, arguyó que, contrario a lo alegado por la promovente, las notificaciones del tribunal también se les dirigieron a sus clientes. Agregó que, una vez se dictó la sentencia en cuestión, presentó un recurso de

apelación. En cuanto a la imputación de no haber informado su renuncia, explicó que envió tanto la moción de la renuncia como la aceptación del tribunal a la dirección de récord. Además, señaló que la moción de ejecución de sentencia y las órdenes emitidas a tales efectos no le fueron notificadas a él ni a la promovente. Finalmente, reconoció que su estado de salud no debió perjudicar a sus clientes y se disculpó por ello.

De la investigación realizada por la Oficina del Procurador General, se desprendió que, en efecto, mientras el licenciado Padilla Avilés asumió la representación legal de la promovente en el caso en cuestión, incumplió reiteradamente las órdenes del tribunal, lo que no sólo dilató los procedimientos judiciales sino que afectó la representación de sus clientes. En el Informe, se hizo hincapié en que, si el letrado padecía una condición de salud que le limitaba representar adecuadamente a sus clientes, debió tomar medidas para que no se vieran afectados. Ante tal escenario, se señalaron posibles violaciones a los Cánones 9, 12, 18, 19 y 20 de Ética Profesional, 4 LPRA Ap. IX.

Basados en lo anterior, el 24 de febrero de 2017, ordenamos la presentación de la querella correspondiente, lo que propiamente acató la Oficina del Procurador General. Así, a raíz de las actuaciones del licenciado Padilla Avilés antes resumidas, se le imputó violar los

siguientes cánones del Código de Ética Profesional: (i) Canon 9 y 12 al incumplir las órdenes del tribunal, incomparecer a las vistas señaladas y estar inaccesible para comunicarse con la parte adversa en la tramitación del caso; (ii) Canon 18 porque su falta de diligencia en el caso provocó una dilación innecesaria, que se le anotase la rebeldía a sus clientes y que éstos no contaran con representación legal durante el juicio; (iii) Canon 19 al no mantener informados a sus clientes de asuntos importantes en su caso; y (iv) Canon 20 al no solicitar el relevo de la representación legal cuando conoció que no podía asumirla adecuadamente ante su cuadro de salud.

En su respuesta, el licenciado Padilla Avilés resaltó que su condición de salud no le permitía renunciar a la representación legal, pues no tenía la claridad mental necesaria para ello. Así, indicó que no se percató que informarle su padecimiento al tribunal y a sus clientes no era suficiente. De este modo, expresó que su intención no fue faltar el respeto al tribunal, sino que intentó cumplir con las órdenes en la medida que su condición de salud se lo permitía.

Ante estos planteamientos, designamos a la Hon. Ygrí Rivera de Martínez como Comisionada Especial y referimos el asunto a su consideración. En la vista en su fondo, testificaron la Dra. López Valentín y el propio licenciado Padilla Avilés. Por su parte, la Oficina del

Procurador General se basó en el expediente judicial del caso civil en controversia.

Una vez considerada y evaluada la prueba, la Comisionada Especial nos remitió su informe. Allí, relató los actos y omisiones en las que incurrió el licenciado Padilla Avilés al manejar el caso E2CI2003-1027. Ante tal cuadro, la Comisionada concluyó que el licenciado Padilla Avilés violó los Cánones 9, 12, 18, 19 y 20 de Ética Profesional, supra.

A tales efectos, la Comisionada destacó que el pobre desempeño y el patrón de incumplimientos del licenciado Padilla Avilés requerían que renunciara a la representación legal de la promovente y su esposo, lo que el propio letrado reconoció. A su vez, la Comisionada recalcó que las actuaciones de éste causaron graves daños al proceso judicial y a la parte que representaba. Ello condujo a que el pleito se extendiera innecesariamente por más de siete (7) años. En esa misma línea, indicó que el licenciado Padilla Avilés no atendió este caso civil con la diligencia necesaria. Ahora bien, a favor del licenciado Padilla Avilés, destacó que éste reiteradamente reconoció sus errores, aceptó su responsabilidad y mostró arrepentimiento.

Relatados los hechos concernientes, examinemos el derecho aplicable.

**II**

A.

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, es una de las disposiciones de mayor envergadura, pues indica la conducta que los letrados y letradas deben emplear hacia los tribunales de justicia. In re Castro Colón, 2019 TSPR 53. Particularmente, este Canon exige que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Así, el Canon 9 exige que todo abogado observe hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. In re Tirado Avilés, 2019 TSPR 73.

Como parte de ese respeto profundo que los miembros de la profesión legal deben tener hacia el foro judicial, el referido Canon les ordena a los abogados y las abogadas comparecer en tiempo a los señalamientos notificados por el tribunal, así como cumplir cualquier requerimiento u orden emitida por éste. In re Torres Rodríguez, 2019 TSPR 47; In re Rodríguez Lugo, 2019 TSPR 14; Ex parte Pérez Guerrero, 2019 TSPR 1. De este modo, hemos reconocido y pautado que la desatención de las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9. In re Dapena Thompson, 2019 TSPR 76; In re López Santiago, 199 DPR 797, 808 (2018).

B.

Muy estrechamente relacionado a lo requerido por el Canon 9 está lo exigido en el Canon 12, 4 LPRA Ap. IX, C. 12. Éste último impone a los abogados y abogadas el deber de ser puntuales, concisos y exactos en la tramitación de sus casos. Ex parte Pérez Guerrero, supra. Así, especifica que "[e]llo implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución". Canon 12, supra. Por consiguiente, este postulado ético impone a los abogados y abogadas la obligación de ser responsables en la tramitación de los casos que les son encomendados, para evitar que se entorpezca su resolución. In re García Incera, 2019 TSPR 45.

Asimismo, hemos expresado que el deber de diligencia es una obligación básica y elemental de los abogados y abogadas hacia sus clientes y que para cumplir con el mismo es necesario que éstos y éstas lleven a cabo las gestiones que le fueron encomendadas de forma oportuna y adecuada, y sin dilaciones que puedan afectar la pronta solución de la controversia. In re Torres Rodríguez, supra; In re Rodríguez Lugo, supra; Ex parte Pérez Guerrero, supra.

De acuerdo con ello, este Tribunal ha expuesto que "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción del cliente, son infracciones patentes del Canon 12". In re García Incera,

supra. De no cumplir con las órdenes judiciales, los profesionales del derecho estarían sujetos a sanciones disciplinarias. In re Silvestrini Carrasquillo, 2019 TSPR 35; In re López Santiago, supra, pág. 810; In re Nieves Nieves, 181 DPR 25, 36 (2011).

C.

El Canon 18 de Ética Profesional, 4 LPRA Ap. IX, C. 18, establece que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Asimismo, que será impropio "asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia". Íd. Así, requiere que todos los abogados y abogadas sean especialmente diligentes en el cumplimiento de sus obligaciones. In re Medina Torres, 200 DPR 610, 629 (2018). Una vez asumen la representación legal de un cliente, tienen el deber ético de realizar aquellas gestiones profesionales pertinentes a favor de los intereses del primero. In re Rivera Contreras, 2019 TSPR 56.

El abogado o la abogada incurre en una falta al Canon 18 cuando, a pesar de asumir la representación

legal de un cliente, demuestra una capacitación inadecuada o presta una atención indebida a la causa encomendada. In re López Santiago, supra, pág. 811; In re Roldán González, 195 DPR 414, 422 (2016). De ese modo, cualquier actuación que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso constituye una infracción a este Canon. In re Torres Rodríguez, supra; Ex parte Pérez Guerrero, supra; In re Vázquez Bernier, 198 DPR 459, 467 (2017).

Entre las conductas que infringen lo preceptuado en el Canon 18, se han reconocido, entre otras: incomparecer a los señalamientos del tribunal; no contestar los requerimientos; desatender o abandonar el caso; y cualquier tipo de acción negligente que pueda conllevar o, en efecto, que resulte en la desestimación o el archivo del caso. In re Otero, Pacheco, 200 DPR 561, 573 (2018). Por tanto, hemos reafirmado que en la profesión legal no hay espacio para actuar con desidia, despreocupación, displicencia, indiferencia e inacción. In re López Santiago, supra; In re Nazario Díaz, 198 DPR 793, 803 (2017). Cuando un abogado o abogada acepta la encomienda de una representación legal y no la ejecuta adecuada y responsablemente, incumple este canon. In re García Incera, supra; In re López Santiago, supra.

D.

Por otra parte, el Canon 19 impone el deber de los abogados y abogadas de mantener a sus clientes informados de todo asunto importante que surja en el desarrollo del caso. 4 LPRA Ap. IX, C. 19. La comunicación con el cliente sobre fases importantes de los asuntos que atiende el abogado debe ser directa y efectiva. In re Nieves Nieves, supra, pág. 40.

Así, este Canon se infringe cuando el abogado o la abogada no atiende los reclamos de información que le hace el cliente; no le informa del resultado adverso de una gestión; ocurre la desestimación o el archivo de la acción; no mantiene al cliente al tanto del estado de los procedimientos del caso; o le niega información sobre el mismo. Ex parte Pérez Guerrero, supra; In re Otero, Pacheco, supra; In re Vázquez Bernier, supra. Ahora bien, esta obligación de informar es unidireccional, pues recae sobre el abogado o abogada y no sobre el cliente. In re Peña Ríos, 2019 TSPR 52.

E.

Por último, el Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 20, dicta el procedimiento y los preceptos éticos que deben seguir los abogados y abogadas al renunciar a la representación legal de un cliente. En lo concerniente, dispone que, antes de renunciar, el abogado debe tomar medidas razonables como:

> notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir

una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado. Íd.

Así, cuando por razones justificadas un abogado o abogada no pueda representar adecuadamente a un cliente, debe renunciar su representación profesional, obteniendo previamente el permiso del tribunal y tomando aquellas medidas razonables para evitar perjuicios a los derechos de éste. In re Guadalupe, Colón, 155 DPR 135, 156 (2001).

A la luz del marco jurídico expuesto, procedemos a evaluar la conducta desplegada por el licenciado Padilla Avilés.

**III**

Al examinar el expediente ante nuestra consideración, determinamos que el licenciado Padilla Avilés, en efecto, violó los Cánones 9, 12, 18, 19 y 20 de Ética Profesional, supra.

De los hechos estipulados por las partes se desprende que el licenciado Padilla Avilés incurrió en un patrón constante de incumplimientos e incomparecencias a los señalamientos del tribunal que se desplegó, aproximadamente, por siete (7) años. Particularmente, se ausentó a la mayoría de las vistas señaladas, a las más cruciales como la vista de juicio y la vista para dictar sentencia. Asimismo, entorpeció el trámite judicial al no

responder a las comunicaciones de la representación legal de la parte contraria, convirtiéndose prácticamente en inaccesible. Además, incumplió múltiples órdenes del tribunal, lo que acarreó que fuera sancionado económicamente y que dilatara el descubrimiento de prueba.

A raíz de estas acciones y omisiones, sus representados en el caso civil sufrieron consecuencias nefastas, pues les eliminaron sus alegaciones, les anotaron la rebeldía y no contaron con una representación legal adecuada durante todo el proceso judicial en el que fueron demandados. Además, debemos destacar que el licenciado Padilla Avilés no cumplió con la orden de proveer la dirección de sus representados, lo que provocó que éstos no fueran debidamente notificados de los asuntos medulares y los que el tribunal pretendía tomaran conocimiento. Ello, se extrapoló a su renuncia de representación legal, pues las direcciones que ofreció para la notificación de ésta no coincidieron con la dirección postal de sus representados, la cual precisamente surgía de la contestación al primer pliego de interrogatorio. Asimismo, el licenciado Padilla Avilés admitió que no notificó la sentencia en cuestión a la promovente. Tampoco puso al tribunal en posición de notificar a sus clientes, pues no proveyó su dirección postal aun cuando se le ordenó hacerlo.

En su defensa, el licenciado Padilla Avilés se sostiene en que su condición de salud no le permitió desplegar una representación legal adecuada y que no tenía la mente clara para renunciar. Sin embargo, hemos sostenido que las condiciones de salud de los abogados y abogadas no los excusan de cumplir con sus deberes éticos. In Torres Román, 195 DPR 882, 893 (2016). De este modo, el licenciado Padilla Avilés debió renunciar a la representación de sus clientes cuando supo que estaba imposibilitado de cumplir con sus obligaciones éticas y profesionales. Más aún, cuando sus incumplimientos se extendieron durante el trámite de todo el caso, a saber, siete (7) años. Precisamente, el no haber renunciado oportunamente perjudicó a sus representados y a la sana administración de la justicia.

Además, cabe mencionar que la Comisionada Especial destacó en su Informe que la prueba presentada sobre la condición médica del licenciado Padilla Avilés se limitaba a una evaluación para el año 2006 y otra en el año 2016, dado a que el licenciado Padilla Avilés estuvo imposibilitado de conseguir tal evidencia.[4] Por ello, no contó con evidencia de la condición de salud alegada por el licenciado Padilla Avilés para los años 2007, 2008, 2009, 2010, 2011 y 2012. Aun si aceptáramos la versión

---

[4]El Lcdo. Joarick Padilla Avilés sostiene que la Clínica Dr. Padró, alegadamente donde recibió su tratamiento médico, cesó sus operaciones y que no pudo localizar sus expedientes médicos ni los facultativos médicos que lo atendieron.

del licenciado Padilla Avilés, del expediente ante nuestra consideración se desprende que el licenciado Padilla Avilés no sólo intentó justificar sus incomparecencias al tribunal por causas atribuibles a su condición de salud, sino que, además, recurrió a una variedad de excusas que nunca evidenció apropiadamente ante el tribunal.

A tenor con lo anterior, no albergamos duda de que con su patrón de incomparecencias e incumplimientos durante todo el trámite de un caso civil, el licenciado Padilla Avilés infringió los Cánones 9 y 12 de Ética Profesional, supra. Éste no respetó las órdenes del tribunal, incompareció a múltiples señalamientos, estuvo inaccesible a los compromisos del proceso en sí, como las comunicaciones con la representación legal de la otra parte, y con ello dilató innecesariamente el proceso judicial. Como consecuencia de lo anterior, el licenciado Padilla Avilés no fue competente en el descargo de sus responsabilidades profesionales. Más bien, sus actuaciones y omisiones perjudicaron a sus clientes, ya que el tribunal les eliminó sus alegaciones y les anotó la rebeldía. Por ende, también violó su deber de responsabilidad impuesto por el Canon 18, supra. Atado a lo anterior, el licenciado Padilla Avilés no actuó con la prudencia esperada al no renunciar a la representación legal de su cliente, a pesar que reconoció que su alegada condición de salud no le permitía ejercer la misma de

acuerdo a los estándares de la profesión. De igual forma, incumplió con su responsabilidad de notificar adecuadamente al cliente su renuncia cuando la dirigió a unas direcciones incorrectas. De este modo, quedó demostrada su violación al Canon 20, supra. Por último, contrario a lo exigido en el Canon 19, supra, no mantuvo a su cliente informado de los asuntos medulares y entorpeció que el tribunal cumpliera con tal cometido.

Una vez establecido que el licenciado Padilla Avilés violó los Cánones 9, 12, 18,19 y 20 del Código de Ética Profesional, supra, procedemos a determinar la correspondiente sanción disciplinaria. A tales efectos, debemos considerar los siguientes factores: (1) la reputación del abogado en su comunidad; (2) su historial; (3) si es su primera falta; (4) si ninguna parte resultó perjudicada con su proceder; (5) la aceptación de la falta y su arrepentimiento; (6) si es un comportamiento aislado; y (7) cualquier otra consideración, ya sea atenuante o agravante, que surja de los hechos particulares del caso. In re Otero, Pacheco, supra; In re López Santiago, supra; In re Rivera Grau, 196 DPR 522, 539 (2016).

A la luz de estos factores, reiteramos que las actuaciones y actitud del licenciado Padilla Avilés en el manejo del caso E2CI2003-01027 perjudicó tanto a sus representados como al sistema judicial. Su conducta cuestionable no se limitó a un evento aislado, sino que

se extendió por casi siete (7) años. A lo anterior, sumamos que éste no renunció a la representación legal oportunamente ni demostró fehacientemente su condición de salud durante el aludido término.

Ahora bien, como atenuantes, debemos resaltar que el licenciado Padilla Avilés ha reconocido su error, demostrado arrepentimiento y cooperado en este proceso disciplinario. También, debemos agregar que del expediente personal del licenciado Padilla Avilés no surge ningún otro asunto disciplinario en su contra. Además, resaltamos que **algunas** de sus incomparecencias fueron justificadas ante su cuadro de salud.

Por tanto, concluimos que procede imponerle al licenciado Padilla Avilés una suspensión del ejercicio de la abogacía y, así de la notaría, por el término de **seis (6) meses.**

IV

Por los fundamentos que anteceden, suspendemos inmediatamente al Lcdo. Joarick S. Padilla Avilés del ejercicio de la abogacía y la notaría en Puerto Rico por el término de **seis (6) meses.**

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la

obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contado a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Lcdo. Joarick S. Padilla Avilés y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia al Sr. Joarick S. Padilla Avilés.

Se dictará Sentencia de conformidad

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Joarick S. Padilla Avilés

(TS-12,464)

CP-2017-05

Sentencia

San Juan, Puerto Rico, a 31 de julio de 2019.

Por los fundamentos que anteceden, se suspende inmediatamente al Lcdo. Joarick S. Padilla Avilés del ejercicio de la abogacía y la notaría en Puerto Rico por el término de **seis (6) meses.**

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contado a partir de la notificación de esta Opinión <u>Per Curiam</u> y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Lcdo. Joarick S. Padilla Avilés y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión <u>Per Curiam</u> y Sentencia al Sr. Joarick S. Padilla Avilés.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Rivera García y Kolthoff Caraballo hubieran suspendido de la abogacía al querellado por dos (2) meses. El Juez Asociado señor Martínez Torres está inhibido. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo