EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 131 |
| Jorge Luis Armenteros Chervoni | 195 DPR ____ |

Número del Caso: CP-2014-2


Fecha: 10 de junio de 2016


Oficina de la Procuradora General:


      Lcda. Margarita Mercado Echegaray
      Procuradora General


      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Tanaira Padilla Rodríguez
      Subprocuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar



Abogados del Querellado:

      Lcdo. Guillermo Figueroa Prieto
      Lcdo. Mario A. Rodríguez Torres

Comisionada Especial:

      Hon. Ygrí Rivera de Martínez



Materia: Conducta Profesional – Censura enérgica por infringir los Cánones 12, 18, y 38 del Código de Ética Profesional.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge Luis Armenteros Chervoni                CP-2014-2

PER CURIAM

En San Juan, Puerto Rico, a 10 de junio de 2016.

Los contornos fácticos en este caso nos llevan nuevamente a ejercer nuestro rol inherente de regular la profesión legal. En esta ocasión evaluamos la conducta de un abogado a quien se le imputó haber infringido los Cánones 12, 18 y 38 del Código de Ética Profesional.[1] A tenor con los fundamentos que expondremos a continuación, censuramos enérgicamente la actuación del letrado y le apercibimos que de incurrir en nueva conducta antiética, se expone a sanciones disciplinarias más severas.

_____

[1] 4 LPRA Ap. IX, Cs. 12, 18 y 38 (2012).

I

El Lcdo. Jorge Luis Armenteros Chervoni (licenciado Armenteros Chervoni) fue admitido al ejercicio de la abogacía el 21 de enero de 1998. El 3 de junio de 2010 la Sra. Gabriela Quilinchini (señora Quilinchini) presentó una queja en la que alegó que el letrado no fue diligente en su deber de representar sus intereses adecuadamente en un caso de custodia y pensión alimentaria.

Surge del expediente sobre la gestión profesional del licenciado Armenteros Chervoni, que en el mes de agosto de 2009 la señora Quilinchini contrató verbalmente los servicios del referido letrado. En lo atinente al caso, señaló que el 13 de noviembre de 2009 el Tribunal de Primera Instancia emitió una Resolución en la que notificó a las partes que el Informe Social, necesario para atender la controversia del caso sobre la custodia de la menor, ya estaba disponible para ser examinado. Sin embargo, el licenciado Armenteros no leyó los informes rendidos por la trabajadora social y tampoco compareció a la vista de custodia que el tribunal había señalado para el 14 de diciembre de 2009. Alegó que para la vista de custodia el letrado envió a un abogado sustituto que ella no conocía y quien por no estar preparado solicitó la suspensión de la vista. Adujo que ante la incomparecencia del licenciado Armenteros el foro de primera instancia concedió a la parte adversa la custodia provisional de la menor. Precisó que el Tribunal de Primera Instancia señaló una segunda vista para

el 16 de febrero de 2009, esta vez para dilucidar el asunto de la pensión alimentaria. Empero, a este último señalamiento el letrado tampoco compareció. En consecuencia, la señora Quilinchini afirmó que tuvo que contratar a otro abogado para que la representara en la subsiguiente vista señalada para atender las recomendaciones del Informe Social. De otra parte, la señora Quilinchini arguyó que durante la vista de pensión alimentaria se le impuso una sanción por ésta no haber contestado un interrogatorio que se le había cursado el 15 de septiembre de 2009. Además, sostuvo que se le denegó presentar prueba pericial (de trabajadora social y psicóloga) en el caso. Ante ello, la nueva representante legal tuvo que recurrir al foro apelativo intermedio mediante recurso de *certiorari* para solicitar revisión judicial lo que conllevó gastos adicionales.

Presentada la queja, por su parte, el licenciado Armenteros Chervoni contestó la misma. En su contestación, justificó su incomparecencia a la vista de custodia debido al hecho de que tenía que postular en otro juicio ante el foro federal. Alegó que, una vez finalizado el juicio en el foro federal tuvo que comparecer inmediatamente al juicio del llamado caso de la "Masacre de Pájaros". Ante la relevancia pública de éste caso, adujo que existía un acuerdo para eximirlo, a él y a los demás abogados postulantes, de comparecer a los señalamientos que éstos tuvieran ante los foros estatales hasta que el juicio de la

"Masacre de Pájaros" concluyera.[2] Puntualizó que de la minuta del 12 de noviembre de 2009, se desprenden las expresiones del Juez Juan José Delgado, quien presidía la sala en el foro estatal en la que éste señaló que de ser necesario se harían los arreglos pertinentes con los demás tribunales ya que no los expondría a una situación en la que tuvieran que responder éticamente con sus clientes.[3] Por otro lado, adujo que radicó una moción solicitando la posposición del caso federal pero su petición fue denegada sumariamente en dos ocasiones. Asimismo, argumentó que el 11 de diciembre de 2009 presentó una moción en la que solicitó sin éxito la transferencia de la vista de custodia señalada para el 14 de diciembre de 2009. Añadió que, subsiguientemente, el 17 de diciembre de 2009, presentó una moción urgente al Tribunal de Primera Instancia en la que solicitó reconsideración de la determinación de custodia provisional. Sin embargo, la referida moción fue denegada por el foro de primario.[4]

En virtud de los hechos relatados, el 28 de julio de 2011, la Oficina de la Procuradora General presentó un informe en el cual señaló que de la investigación realizada el licenciado Armenteros Chervoni pudo haber infringido el

---

[2] Véase Informe de la Procuradora General, sobre la queja, págs. 3-4 Véase, además, la contestación de la queja titulada Moción expresándonos sobre el Informe de la Procuradora General, Anejo 1, pág. 6; Anejos 2 y 3. En su contestación al Informe de la Procuradora General, el letrado incluyó copia de la prueba documental que sustenta sus alegaciones y la cual forma parte de los autos de este caso.
[3] Íd. pág. 7.
[4] Ese foro determinó, entre otras cosas, que el licenciado Armenteros Chervoni conocía desde el 23 de noviembre de 2009 el conflicto en calendario y no lo informó a tiempo.

Canon 18 por haberse desentendido del caso que llevaba en favor de la señora Quilinchini. Hizo esto independientemente de que estuviera atendiendo un juicio de gran relevancia pública y de que el referido Juez Delgado lo hubiera eximido formalmente de postular en los casos que tenía pendiente ante el foro estatal.

Tras conceder un término de 20 días al licenciado Armenteros Chervoni para que se expresara en cuanto al informe, el 4 de noviembre de 2011, este Tribunal ordenó a la Procuradora General presentar la querella correspondiente. El 27 de febrero de 2014, la Procuradora General presentó la querella sobre conducta profesional contra el licenciado Armenteros Chervoni para imputarle violaciones a los Cánones 12, 18 y 38 del Código de Ética Profesional, supra.

Luego de los trámites de rigor, designamos mediante Resolución de 11 de julio de 2014 a la Hon. Ygrí Rivera de Martínez, ex Jueza del Tribunal de Apelaciones para que en presencia de las partes y en calidad de Comisionada Especial, recibiera la prueba y nos rindiera un informe con las determinaciones de hecho y las recomendaciones que estimara pertinentes. El 6 de julio de 2015 la Comisionada Especial nos rindió el correspondiente informe. En este concluyó que el licenciado Armenteros Chervoni violó los Cánones 12, 18 y 38 del Código de Ética Profesional, supra. La Comisionada Especial determinó que el letrado infringió el Canon 12 por su incomparecencia a las vistas de custodia

y pensión alimentaria. De igual forma, determinó que la falta de diligencia fue lo que causó las dilaciones en el caso ya que éste no compareció a las vistas, no leyó los informes de la trabajadora social y tampoco contestó los interrogatorios. Además, envió a un abogado sustituto que no estaba preparado.

Ante la prueba presentada la Comisionada Especial también concluyó que se violó el Canon 38 del Código de Ética Profesional, supra, ya que los descuidos del letrado lo colocaron ante una difícil situación en ambos foros judiciales. No obstante, apuntó que el cambio de señalamiento de fechas por parte del Tribunal Federal fue un aspecto sobre el cual el licenciado Armenteros Chervoni no tuvo ningún control. Además, la Comisionada Especial precisó que existían atenuantes que este Foro debía considerar. Entre ellos, el hecho de que aun con los errores cometidos y la falta de diligencia desplegada, el licenciado Armenteros Chervoni realizó diversos esfuerzos para tratar de cumplir en todos los foros, confiando en las promesas del entonces Juez Juan José Delgado, que aparentemente no tuvieron efecto alguno.

## II

El Código de Ética Profesional, supra, recoge las normas mínimas de conducta que rigen a los miembros de la profesión legal. Este promueve un comportamiento ejemplar

por parte de los abogados en el desempeño de su labor.[5] En lo pertinente al caso ante nos, el Canon 12 dispone lo siguiente:

> Canon 12. Puntualidad y tramitación de las causas
> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

El precitado Canon le impone al abogado, además de ser puntual y diligente al momento de tramitar las causas, ser responsable en la tramitación de los casos que le son encomendados para evitar que haya trabas en la resolución del litigio.[6] En otras palabras, los abogados y abogadas tienen "la responsabilidad de cumplir con todas las gestiones legales encomendadas para evitar entorpecer el curso y [la] solución de un pleito".[7] Por ello, este postulado ético le impone la obligación al abogado de ser puntual en su asistencia y conciso en el trámite y presentación de los casos.[8] El objetivo principal del referido canon es "evitar demoras indebidas en la tramitación y solución de las causas que impactan negativamente a las partes y al sistema de justicia".[9]

---

[5] In re Irizarry Rodríguez, 2015 TSPR 117, 193 DPR __ (2015); In re Hernández González, 188 DPR 721, 727 (2013).
[6] In re Hernández González, supra, pág. 727; In re López Montalvo, 173 DPR 193, 200 (2008).
[7] In re Díaz Nieves et als., 189 DPR 1000, 1009 (2013).
[8] In re Irizarry Rodríguez, supra. Véase, además, In re De León Rodríguez, 190 DPR 378, 391 (2014).
[9] In re Irizarry Rodríguez, supra.

Por su parte, el Canon 18 expone el deber de defender los derechos del cliente diligentemente, desplegando en cada caso el más profundo saber y habilidad. El referido canon dispone lo siguiente:

> Canon 18. Competencia del abogado y consejo al cliente
>
> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Esta disposición ética le impide al notario actuar de forma indiferente y sin la diligencia requerida en dicho canon.[10] El aludido precepto ético dispone que es impropio que un abogado asuma la representación legal de un cliente cuando está consciente de que no puede realizar una labor adecuada y competente. De esta forma, el abogado tiene un deber de competencia, cuidado y diligencia que ha de ejercer al tramitar los asuntos encomendados por su cliente.[11] Por consiguiente, "el letrado que acepta representar a un cliente, pero no hace gestión profesional con ese propósito, comete una violación ética".[12] Anteriormente, hemos puntualizado que una de las situaciones que constituye una violación al deber de

---

[10] In re Pizarro Colón, 151 DPR 94, 105 (2000).
[11] In re Reyes Coreano, 190 DPR 739, 751 (2014).
[12] Íd., pág. 750.

diligencia que impone el Canon 18 es el desatender los trámites de una causa de acción que lleva el abogado a favor de su representado.[13]

Ahora bien, por otra parte hemos señalado que "los cánones de ética profesional no son, ni deben convertirse, en armas procesales adicionales para adelantar los intereses individuales de una de las partes en un caso".[14] Así, "[l]a falta de diligencia que da lugar a sanciones éticas tiene que ser crasa, que denote falta de competencia o un menosprecio al sistema de administración judicial".[15] Normalmente, los tribunales de instancia deben atender y resolver las dilaciones o los incidentes procesales en un caso.[16]

Asimismo, el Canon 38 del Código de Ética Profesional, supra, dispone que el abogado o la abogada "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque [a]l así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Además, dispone que por la confianza pública que se deposita en el abogado, éste debe de conducirse en forma digna y honorable tanto en su vida privada como en el desempeño de su profesión.[17]

---

[13] In re Díaz Nieves, et als., supra, pág. 1012.
[14] In re García Ortiz, 187 DPR 507, 516 (2012).
[15] Íd.
[16] Íd.
[17] In re Morales Lozada, 192 DPR 239, 243 (2015).

Por último, la Regla 14(h) del Reglamento de este Tribunal,[18] introduce la figura del Comisionado Especial a los procesos disciplinarios. Esta disposición reglamentaria nos concede discreción para nombrar a un Comisionado, quien tendrá la responsabilidad de celebrar las vistas, recibir la prueba, dirimir la evidencia conflictiva y rendir un informe con sus determinaciones fácticas. Contamos con la facultad de adoptar, modificar o hasta rechazar el informe de un Comisionado.[19] Ya que ejerce una función similar a la de un juzgador de hechos al aquilatar la prueba y adjudicar la credibilidad, de ordinario, sus determinaciones gozan de nuestra deferencia, salvo que medie pasión, error manifiesto, prejuicio o parcialidad.[20]

Cabe señalar, que ante el hecho de que un procedimiento disciplinario contra un abogado puede acarrear la pérdida de su título profesional, afectándose su derecho fundamental a ganarse el sustento, la carga probatoria es mayor a la requerida en los procesos civiles.[21] Por tal razón, el quantum de prueba aplicable a los procedimientos éticos contra los miembros de la profesión legal es el de prueba clara, robusta y convincente.[22]

---

[18] 4 LPRA Ap. XXI-B, R. 14(h).

[19] In re Irizarry Rodríguez, supra; In re Salas Arana, 188 DPR 339, 346 (2013); In re Guzmán Guzmán, supra, pág. 511.

[20] Íd.; In re Vera Vélez, supra, pág. 228; In re Sierra Arce, 192 DPR 140, 146 (2014).

[21] Íd.; Íd.; In re Salas Arana, supra, pág. 346; In re Caratini Alvarado, 153 DPR 575, 585 (2001).

[22] Íd.; Íd.; Íd., págs. 346-347; In re Fontánez Fontánez, 181 DPR 407, 417 (2011).

Ahora bien, al momento de fijar la sanción a imponerse a un abogado que ha infringido el Código de Ética Profesional, supra, ponderamos los siguientes factores: 1) la reputación del abogado en la comunidad; 2) su historial previo; 3) si constituye su primera falta y si no ha causado perjuicio a alguna parte; 4) la aceptación y arrepentimiento sincero por las imputaciones; 5) la defensa frívola de su conducta; 6) si se trata de una conducta aislada; 7) el ánimo de lucro, y 8) cualquier otra consideración atenuante o agravante aplicable a los hechos.[23]

### III.

Al licenciado Armenteros Chervoni se le imputa haber infringido los Cánones 12, 18 y 38 del Código de Ética Profesional, supra. Tras evaluar todo el expediente, la prueba estipulada, así como el Informe de la Comisionada Especial, concluimos que éste quebrantó los Cánones 12, 18 y 38 del Código de Ética Profesional, supra. En síntesis, las actuaciones de este abogado pusieron en riesgo la causa de acción de su cliente al no ser puntual en el trámite y la presentación de su caso. Además, su falta de diligencia se manifestó al no informar a su cliente en el caso sobre custodia, el hecho de que enviaría a un abogado sustituto y, tanto al foro local como a su cliente, sobre el conflicto en calendario por el señalamiento del caso federal. En este sentido, no podemos avalar el argumento

---

[23] In re De León Rodríguez, supra, pág. 396; In re Cotto Luna, 187 DPR 584, 593 (2012); In re Plaud González, 181 DPR 874, 887-888 (2011).

del licenciado Armenteros Chervoni en cuanto a que las vistas (del caso en el foro estatal como en el foro federal) fueron señaladas para el mismo día y que ello fue la razón por la cual éste no pudo comparecer a la vista de custodia. Surge del expediente que el licenciado Armenteros Chervoni conocía sobre el señalamiento del caso de custodia desde el 23 de noviembre de 2009 y, además, la certificación del caso en el tribunal federal le fue notificada el 1 de diciembre de 2009.

Por último, nos resta examinar los factores atenuantes y/o agravantes que inciden en la sanción a imponer. A tales efectos, la Comisionada Especial nos sugirió que acogiéramos como atenuante el hecho de que el cambio de señalamiento de fechas por parte del Tribunal Federal fue un aspecto sobre el cual el licenciado Armenteros Chervoni no tuvo ningún control. Es decir, el abogado descansó en una aparente orden de la Administración de Tribunales por un alegado acuerdo entre esta última y el Juez Administrador de la Región de Bayamón en el que, tanto el licenciado Armenteros Chervoni como los demás abogados, se les aseguró que serían eximidos de los compromisos y vistas que éstos tuviesen ante los demás foros judiciales. Ello, se debió al alto interés público y la importancia que revestía en aquel momento el caso de la llamada "Masacre de Pájaros". Además, surge del Informe de la Comisionada Especial que el letrado realizó diversos esfuerzos para

tratar de cumplir con los tramites que tenía encomendados en los distintos foros.

IV.

Considerado todo lo anterior, censuramos enérgicamente al licenciado Armenteros Chervoni y le apercibimos que de incurrir nuevamente en una conducta contraria a los cánones del Código de Ética Profesional, supra, que rigen la profesión de la abogacía, será sancionado rigurosamente.[24]

Notifíquese personalmente esta opinión *Per Curiam* y Sentencia al Lcdo. Jorge Luis Armenteros Chervoni a través de la oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

---

[24] Recientemente, en In re Santos Cruz, 2015 TSPR 75, 193 DPR __ (2015) censuramos enérgicamente a un abogado por haber infringido los cánones 18 y 19 ya que su falta de diligencia provocó el archivo de la causa de acción de su cliente al éste dejar de presentar una solicitud de emplazamiento por edicto dentro del término requerido. Por otro lado, en In re Rivera Nazario, 2015 TSPR 109, 193 DPR __ (2015), nota al calce 12, señalamos que luego de haber realizado un estudio de la jurisprudencia, encontramos cierta uniformidad en las sanciones impuestas a los abogados y abogadas que infringían los cánones 12, 18 y 38. Entre las actuaciones constitutivas de tales infracciones encontramos que: 1) en In re Pietri Torres, 191 DPR 482 (2014) amonestamos a un abogado que interpuso tardíamente un recurso de revisión administrativa ante el Tribunal de Apelaciones, por infringir el Canon 18; 2) en In re Díaz Nieves et als., 189 DPR 1000 (2013) amonestamos a una de las abogadas disciplinadas en el caso, por presentar un recurso apelativo transcurrido el término jurisdiccional; 3) en In re Hernández González, 188 DPR 721 (2013) censuramos enérgicamente a un letrado por faltar a los Cánones 12, 18 y 19, ya que su falta de diligencia ocasionó el archivo de un caso sin perjuicio; 4) en In re Cotto Luna, 187 DPR 584 (2012) censuramos enérgicamente a un abogado que infringió los Cánones 18 y 38 al presentar una apelación ante la CIPA fuera del término jurisdiccional; 5) en In re Pietri Castellón, 185 DPR 982 (2012) censuramos enérgicamente al licenciado Pietri Castellón por faltar a los Cánones 6, 12, 18 y 19, al no mantener a su representada informada e incumplir varias órdenes de un organismo administrativo, ocasionando la desestimación de lo encomendado; y 6) en In re Mulero Fernández, 174 DPR 18 (2008) censuramos enérgicamente a la licenciada Mulero por faltar a los Cánones 18 y 19, al desatender una encomienda provocando que la cliente perdiera su causa de acción.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge Luis Armenteros Chervoni          CP-2014-2

SENTENCIA

En San Juan, Puerto Rico, a 10 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, censuramos enérgicamente al Lcdo. Jorge Luis Armenteros Chervoni y le apercibimos que de incurrir nuevamente en una conducta contraria a los Cánones del Código de Ética Profesional, 4 LPRA Ap. IX, que rigen la profesión de la abogacía en el futuro, será sancionado rigurosamente.

Notifíquese personalmente.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo