EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Héctor H. Pérez Villanueva (TS-10,507) | 2017 TSPR 162 <br><br> 198 DPR ____ |

Número del Caso: CP-2016-13


Fecha:   18 de agosto de 2017


Abogado del promovido:


        Por derecho propio

Oficina del Procurador General:


        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General auxiliar


Materia: Conducta profesional - Censura enérgica por vulnerar el Canon 18 de Ética Profesional.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor H. Pérez Villanueva            CP-2016-13
        (TS-10,507)


PER CURIAM

En San Juan, Puerto Rico, a 18 de agosto de 2017.

Nuevamente, nos vemos obligados a censurar enérgicamente a un profesional del derecho por infringir los postulados éticos que rigen nuestra ilustre profesión. Los hechos que dieron inicio a este procedimiento disciplinario son los siguientes.

I

El 1 de julio de 2014, el Sr. Jonathan Rodríguez Betancourt (señor Rodríguez Betancourt o quejoso) presentó una queja contra el Lcdo. Héctor H. Pérez Villanueva.[1] Relató que contrató al licenciado para que lo representase en un caso criminal que se instó

_____

[1] El Lcdo. Héctor H. Pérez Villanueva fue admitido al ejercicio de la abogacía el 30 de junio de 1993 y prestó juramento como notario el 4 de agosto del mismo año.

en su contra, en el cual se le imputó haber infringido varias disposiciones de la Ley de Sustancias Controladas y de la Ley de Armas de Puerto Rico.[2] Explicó que pactó honorarios de abogado ascendentes a $8,000 y afirmó que, tras la celebración del juicio, el tribunal lo declaró culpable y lo sentenció a una pena de reclusión de 26 años.[3] Expresó que acudió al Tribunal de Apelaciones para revisar el veredicto, pero señaló que su recurso de apelación fue desestimado debido a la negligencia del licenciado, ya que éste no lo notificó al Departamento de Justicia. Así, alegó que las actuaciones del letrado infringieron el Canon 18 del Código de Ética Profesional, infra, y afectaron sus derechos constitucionales, por lo que nos solicitó que lo sancionásemos por su conducta.

El 4 de septiembre de 2014, el licenciado Pérez Villanueva presentó su contestación a la queja. Explicó que se reunió con el señor Rodríguez Betancourt, en cuyo momento pactó honorarios de $8,000 por ver el caso "hasta el juicio en su fondo".[4] Relató que el quejoso realizó pagos parciales hasta el 17 de julio de 2013, por lo que aún le adeudaba $3,000 en honorarios no satisfechos. Además, aseveró que el señor Rodríguez Betancourt no le restituyó los desembolsos que efectuó para contratar al perito del caso y obtener la

---

[2] En específico, se le acusó de violar los Artículos 5.04 y 6.01 de la Ley de Armas de Puerto Rico, 25 LPRA secs. 458(e) y 459, y los Artículos 401 y 412 de la Ley de Sustancias Controladas de Puerto Rico, 24 LPRA secs. 2401 y 2411b. *Informe de la Procuradora General*, pág. 3.
[3] En su queja, el Sr. Jonathan Rodríguez Betancourt alegó que retuvo los servicios del licenciado para que lo representase tanto en el juicio como en la etapa apelativa. *Queja*, págs. 1-2.
[4] Contestación a la queja, pág. 1.

transcripción de la prueba, los cuales ascienden a $1,092.50.[5] Expresó que, a pesar de lo anterior, defendió los intereses de su cliente de forma vehemente y responsable.

Señaló que, tras cuatro días de juicio, el tribunal encontró culpable a su cliente de cuatro de los cinco cargos imputados. Afirmó que, en vista de lo anterior, y a pesar de no haberse pactado, preparó un recurso de apelación, el cual discutió con el quejoso mientras éste se encontraba confinado en Aguadilla. Expresó que presentó el recurso oportunamente y que lo notificó tanto al Fiscal de Distrito como al Tribunal de Primera Instancia. Relató que, un día después de haber sometido el recurso, "sufrió un quebranto de salud que lo envió a descanso por un tiempo".[6] Explicó que informó al Tribunal de Apelaciones sobre la condición médica que lo afectó durante el término para perfeccionar el recurso, pero indicó que éste se negó a reconsiderar el dictamen.

Finalmente, relató que, tras un año de trabajo, el quejoso le solicitó la renuncia. Aseveró que le informó que aún podían presentar un recurso de *certiorari* ante este Tribunal, pero señaló que el señor Rodríguez Betancourt insistió en su renuncia, por lo que le devolvió el expediente dentro del término para acudir en alzada.

Posteriormente, referimos la queja a la Oficina de la Procuradora General para investigación conforme a lo dispuesto en la Regla 14(d) del Reglamento de este Tribunal,

---

[5] Esto es, $750 por la contratación del perito y $342.50 por la transcripción de la prueba. Íd.
[6] Íd., pág. 2.

4 LPRA Ap. XXI-B. El 11 de junio de 2015, luego de presentar una solicitud de prórroga, la Procuradora General sometió su informe, en el cual concluyó que el licenciado Pérez Villanueva infringió el Canon 18 del Código de Ética Profesional, infra, al no perfeccionar adecuadamente la apelación de su cliente. En ese contexto, resaltó que el incumplimiento del letrado con la Regla 23(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, conllevó la desestimación del recurso apelativo, lo cual ocasionó que el quejoso perdiese su derecho a revisar la sentencia.

El 14 de julio de 2015, emitimos una Resolución concediéndole al licenciado Pérez Villanueva un término de veinte (20) días para que reaccionase al *Informe de la Procuradora General*. Le apercibimos que, de no comparecer, se allanaba a las recomendaciones contenidas en el mismo. El 24 de agosto de 2015, el licenciado compareció mediante una *Moción sobre informe [de] la Procuradora General*, en la cual reiteró las alegaciones contenidas en su contestación a la queja. Además, aceptó que no perfeccionó el recurso oportunamente y resaltó que siempre ha procurado acatar las exigencias éticas que rigen a los miembros de la profesión.[7]

Tras evaluar el informe de la Procuradora General y la réplica del letrado, ordenamos la presentación de una

---

[7] En específico, el licenciado Pérez Villanueva expresó lo siguiente:
Con lo antes dicho no se pretende eludir la responsabilidad que nos impone esta noble vocación, sino aclarar cómo ocurrieron los hechos. Por 22 años hemos procurado celosamente desempeñarnos a la altura que nos exigen los cánones de ética profesional, pero humano al fin en el camino se pudo cometer un desliz involuntario. *Moción sobre informe [de] la Procuradora General*, pág. 3.

querella contra el licenciado. En cumplimiento con nuestra orden, la Oficina de la Procuradora General presentó la querella de epígrafe, en la cual le imputó al licenciado haber infringido el Canon 18 del Código de Ética Profesional, infra, por no ejercer la diligencia necesaria durante la tramitación de la apelación de su cliente.[8]

El 14 de febrero de 2017, nombramos a una Comisionada Especial para que recibiese la prueba y nos rindiese un informe con las determinaciones de hecho y recomendaciones que estimase pertinentes. Una vez culminados los trámites de rigor, la Comisionada Especial rindió su informe, en el cual consignó que el letrado cometió la falta imputada.

II

El Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, impone a los miembros de la profesión legal la obligación de defender los intereses de sus clientes de forma competente. In re Armenteros Chervoni, 195 DPR 693, 700-701 (2016); In re Rivera Nazario, 193 DPR 573, 582 (2015); In re Nieves Nieves, 181 DPR 25, 37 (2011). En lo que atañe a la controversia que nos ocupa, este Canon dispone lo siguiente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su

---

[8] El 20 de diciembre de 2016, el licenciado Pérez Villanueva presentó su contestación a la querella - que denominó *Contestación al informe de la Procuradora General* -, en la cual reprodujo los argumentos que esbozó en sus escritos anteriores.

más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. 4 LPRA Ap. IX, C. 18.

Así, en reiteradas ocasiones hemos expresado que toda actuación que pueda conllevar, o en efecto conlleve, la desestimación de un caso configura una infracción a este Canon. In re Roldán González, 195 DPR 414, 423 (2016); In re Pietri Torres, 191 DPR 482, 488 (2014).

## III

Según surge del expediente, el licenciado Pérez Villanueva asumió la representación legal del quejoso en la acción criminal que se ventiló en su contra. Luego de los trámites de rigor, el Tribunal de Primera Instancia declaró culpable al señor Rodríguez Betancourt en cuatro de los cinco cargos imputados, por lo que, el 30 de octubre de 2013, lo sentenció a veintiséis años de reclusión. El letrado presentó una moción de reconsideración, la cual fue denegada mediante Resolución notificada el 18 de noviembre de 2013.

En desacuerdo, el 13 de diciembre de 2013, el licenciado Pérez Villanueva acudió al Tribunal de Apelaciones mediante un recurso de apelación, el cual notificó en esa misma fecha al Fiscal de Distrito y al Tribunal de Primera Instancia, mas no así a la Oficina de la Procuradora General. Por tal razón, el 14 de enero de 2014 el Tribunal de Apelaciones emitió una Resolución concediéndole un término al licenciado para que acreditase que notificó su recurso a la Oficina de la Procuradora General, conforme lo requiere la Regla 23(B) de su Reglamento, supra. Al recibir dicha orden, el letrado

procedió a efectuar la notificación correspondiente, lo cual informó mediante una *Moción en cumplimiento de orden* que presentó el 27 de enero de 2014.[9]

En consecuencia, el 31 de enero de 2014 el Tribunal de Apelaciones emitió una Sentencia desestimando la apelación del quejoso por haberse incumplido con el requisito de notificación sin que mediase justa causa. Inconforme, el licenciado presentó dos mociones de reconsideración ante el foro apelativo intermedio, en las cuales alegó que la dilación en la notificación se debió al deterioro de salud que sufrió durante el término para perfeccionar el recurso. Ambas mociones de reconsideración fueron denegadas, por lo que el letrado orientó al quejoso sobre la posibilidad de recurrir ante este Tribunal mediante auto de *certiorari*. Sin embargo, el señor Rodríguez Betancourt no estuvo de acuerdo con dicho proceder y le solicitó la renuncia, de modo que la determinación advino final y firme.

Como vimos, el Canon 18 del Código de Ética Profesional, supra, requiere que los abogados defiendan los intereses de sus clientes de forma capaz y diligente. In re Armenteros Chervoni, supra, págs. 700-701; In re Rivera Nazario, supra, pág. 582. Ello implica, entre otras cosas, que toda actuación que conlleve, o pueda conllevar, la desestimación o el archivo del caso que les fue encomendado configura una violación a este Canon. In re Roldán González, supra,

---

[9] Según se desprende del expediente, el licenciado Pérez Villanueva notificó el recurso de apelación a la Oficina de la Procuradora General el 21 de enero de 2014. *Informe de la Comisionada Especial*, pág. 11.

pág. 423. Por consiguiente, al evaluar los hechos que motivaron esta queja a la luz del derecho aplicable, resulta forzoso concluir que el licenciado Pérez Villanueva infringió este precepto deontológico.

IV

Luego de resolver que el licenciado Pérez Villanueva vulneró el Canon 18 del Código de Ética Profesional, supra, nos corresponde determinar qué sanción le impondremos. Para ello, debemos considerar los siguientes criterios: la reputación del abogado en la comunidad; su historial previo; si esta constituye su primera falta y si ocasionó algún perjuicio; si aceptó la comisión de la falta y se arrepintió por su conducta; si medió ánimo de lucro; si se trata de una conducta aislada; si resarció al cliente por los daños causados, y cualquier otra consideración pertinente a los hechos. In re Prado Galarza, 195 DPR 894, 910 (2016); In re Morell Bergantiños, 195 DPR 759, 765 (2016).

En el caso que nos ocupa, la conducta del letrado laceró directamente los intereses de su cliente, pues ocasionó que éste perdiese su derecho a revisar la sentencia que se dictó en su contra. En ocasiones anteriores, hemos sancionado conducta análoga con una suspensión de tres meses. Véase In re Morell Bergantiños, supra; In re Ramos Hernández, 183 DPR 647 (2011); In re Amill Acosta, 181 DPR 934 (2011).[10] No obstante, en su informe, la Comisionada Especial recomienda que nos limitemos a amonestar al licenciado. Ello,

---

[10] Sobre el particular, cabe resaltar que, en estos casos, los letrados también infringieron otros cánones con su conducta.

pues el letrado: goza de buena reputación en la comunidad; lleva veintitrés años ejerciendo la profesión sin ser objeto de quejas sobre su gestión profesional; representó adecuadamente los intereses de su cliente durante el juicio; continuó defendiendo a su cliente, a pesar de que éste no satisfizo los honorarios pactados, e incurrió en gastos que no le fueron reembolsados.[11]

En consecuencia, y al tomar en consideración los atenuantes previamente señalados, censuramos enérgicamente al Lcdo. Héctor H. Pérez Villanueva por su conducta. Le apercibimos que en el futuro deberá ser más cuidadoso en el desempeño de sus funciones, pues de lo contrario se expone a la imposición de sanciones disciplinarias más severas, tales como la suspensión del ejercicio de la abogacía.

Notifíquese personalmente al Lcdo. Héctor H. Pérez Villanueva esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

---

[11] *Informe de la Comisionada Especial*, pág. 19.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor H. Pérez Villanueva                CP-2016-13
        (TS-10,507)

SENTENCIA

En San Juan, Puerto Rico, a 18 de agosto de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se censura enérgicamente al Lcdo. Héctor H. Pérez Villanueva por su conducta.

Se le apercibe que en el futuro deberá ser más cuidadoso en el desempeño de sus funciones, pues de lo contrario se expone a la imposición de sanciones disciplinarias más severas, tales como la suspensión del ejercicio de la abogacía.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo, Interina