EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Elba Nilsa Villalba Ojeda | 2019 TSPR 228 <br><br> 203 DPR _____ |

Número del Caso:   CP-2017-10
                   (TS-9,463)


Fecha:  14 de noviembre de 2019


Abogados de la parte querellada:

        Lcda. Daisy Calcaño López
        Lcda. Pilar Pérez Rojas
        Lcdo. Raúl Rodríguez


Oficina del Procurador General:

        Lcdo. Joseph Feldstein del Valle
        Subprocurador General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

Comisionado Especial:

        Hon. Carlos Rodríguez Muñiz


Materia:  La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Elba Nilsa Villalba Ojeda<br>(TS-9,463) | **Núm.** CP-2017-0010 |

*PER CURIAM*

San Juan, Puerto Rico, a 14 de noviembre de 2019.

En esta ocasión, nos corresponde suspender a una integrante de la profesión legal de la práctica de la abogacía y la notaría por infringir los Cánones 9, 12, 18, 19 y 20 del Código de Ética Profesional, 4 LPRA Ap. IX. C. 9, 12, 18, 19, 20.

**I.**

La Lcda. Elba N. Villalba Ojeda fue admitida al ejercicio de la abogacía el 3 de enero de 1990 y a la notaría el 1 de febrero de 1991.[1]

El 11 de enero de 2016, la Sra. Evelyn Vázquez Cabrera y el Sr. Orlando Vázquez Cabrera presentaron una queja ética en contra de la licenciada Villalba Ojeda. Le imputaron que, para el mes de noviembre de 2013, la contrataron para que los representara en una reclamación de responsabilidad civil

_____

[1] El 15 de octubre de 2015, suspendimos a la licenciada Villalba Ojeda del ejercicio de la abogacía y la notaria por un término de tres (3) meses por violar los Cánones 9, 12, 18, 20 y 38 de Ética Profesional, 4 LPRA Ap. IX C. 9, 12, 18, 20, 38. Véase *In re Villalba Ojeda*, 193 DPR 966 (2015). Transcurrido dicho término, el 18 de febrero de 2016 ordenamos su reinstalación. Luego, en vista de que la licenciada incumplió con nuestras órdenes de corregir las deficiencias en su obra notarial y atender los trámites pendientes ante la Oficina de Inspección de Notarías (ODIN), el 15 de octubre de 2018, la suspendimos indefinidamente del ejercicio de la notaría.

extracontractual y le adelantaron la suma de $1,500.00 en concepto de honorarios de abogado. Indicaron que posterior a ello no lograron contactarla.

El 29 de agosto de 2014, la licenciada Villalba Ojeda presentó una demanda de daños y perjuicios en contra de Walmart de Puerto Rico, Inc. h/n/c Sam's Club de Puerto Rico (Walmart) en representación de la señora y el señor Vázquez Cabrera. El 20 de enero de 2015, Walmart solicitó la desestimación de la Demanda por haber sido emplazado tardíamente. El 17 de febrero de 2015, la licenciada de epígrafe informó que no había recibido la moción de desestimación y solicitó que se le notificara.

El Tribunal de Primera Instancia ordenó a Walmart notificar la moción de desestimación a la licenciada Villalba Ojeda y ordenó a esta última oponerse. La licenciada Villalba Ojeda no se opuso. El 13 de abril de 2015, el foro primario emitió una *Orden* para que, en cinco (5) días, la licenciada mostrara causa por la cual no había cumplido con su previa *Orden*. Transcurrido dicho término, la licenciada también desatendió la orden. El 18 de septiembre de 2015, el tribunal le concedió un término de diez (10) días para que mostrara causa por la cual no se debía desestimar y archivar la demanda presentada sin perjuicio. Nuevamente, la licenciada Villalba Ojeda no compareció. Consecuentemente, el 4 de noviembre de 2015, el Tribunal de Primera Instancia dictó una *Sentencia* mediante la cual desestimó la Demanda al amparo de la Regla 39.2 (b) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b).

Según surge de la queja, sin embargo, los señores Vázquez Cabrera nunca se enteraron de la presentación de la Demanda ni de los trámites posteriores en el caso, incluyendo la desestimación de su reclamación de daños y perjuicios por el incumplimiento de la licenciada Villalba Ojeda con las órdenes del Tribunal de Primera Instancia.

Así las cosas, en junio de 2017, el Procurador General de Puerto Rico presentó una *Querella* contra la licenciada Villalba Ojeda en la cual le imputó no haber tenido comunicación efectiva con sus clientes ni haber actuado con diligencia, conocimiento, competencia y capacidad en la protección de los intereses de éstos; conducta que condujo a la desestimación del caso que se le encomendó. Además, le imputó desatender las órdenes emitidas por el Tribunal de Primera Instancia, lo cual acarreó demoras injustificadas en el trámite del caso.

El 10 de enero de 2019, se celebró la vista para recibir prueba de la querella presentada. Ese día la licenciada Villalba Ojeda aceptó las violaciones que se le imputaron a los Cánones 9, 12, 18, 19, 20 y 38 de Ética Profesional. Indicó sentir arrepentimiento y vergüenza por lo sucedido y alegó que, a causa de una situación familiar, sufrió ataques de pánico y depresión severa. A esos efectos, devolvió los honorarios cobrados. Los señores Vázquez Cabrera aceptaron las excusas expresando su esperanza de que fuesen sinceras.[2]

---

[2] En el interín, el 15 de octubre de 2018, emitimos una *Orden* mediante la cual le ordenamos a la licenciada subsanar las deficiencias notificadas en su obra notarial que impedían su aprobación. Mediante *Resolución* del 11 de diciembre de 2018,

El 5 de septiembre de 2019, el Comisionado Especial presentó un *Informe del Comisionado al Honorable Tribunal Supremo*. En éste, recomienda que ordenemos la suspensión inmediata de la licenciada Villalba Ojeda del ejercicio de la abogacía y la notaría por un término de ocho (8) meses. La licenciada Villalba Ojeda no compareció para replicar al Informe dentro del término dispuesto para ello. Transcurrido dicho término, compareció para solicitar una prórroga para replicar. Mediante resolución del 7 de octubre de 2019 declaramos no ha lugar dicha solicitud. A pesar de ello, el 10 de octubre de 2019, la licenciada Villalba Ojeda presentó un escrito titulado *Contestación a Informe de Comisionado Especial*.

Evaluado el Informe del Comisionado Especial, las determinaciones de hecho contenidas en éste, así como los documentos que constan en el expediente, procedemos a evaluar la conducta de la licenciada Villalba Ojeda a la luz de los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9, 12, 18, 19, 20, 38.

**II.**

En múltiples ocasiones hemos expresado que los abogados que ejercen la práctica legal en nuestra jurisdicción

---

le conferimos un término de cuarenta y cinco (45) días para subsanar las deficiencias notariales. Así la cosas, el 31 de mayo de 2019, el Director de la ODIN, Lcdo. Manuel E. Ávila De Jesús, acudió ante nos mediante una *Moción reiterando incumplimiento de orden y en solicitud de remedios*. En su moción, el licenciado Ávila de Jesús nos informó que el término conferido venció y que la licenciada Villalba Ojeda no ha comparecido a la ODIN ni se ha comunicado con funcionario alguno para atender los señalamientos notificados.

desempeñan una función eminentemente pública, por lo que se les considera oficiales de la corte. *In re Rivera Rodríguez Santiago*, 2019 TSPR 140. A esos efectos, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, requiere que los abogados y las abogadas se conduzcan con el mayor respeto hacia los tribunales. *In re Acevedo Álvarez*, 199 DPR 1 (2017); *In re Vázquez Bernier*, 198 DPR 459, 466 (2017). En atención a ello, se les exige que atiendan "con prontitud y diligencia las órdenes del tribunal". *In re Acevedo Álvarez*, 199 DPR, en la pág. 6. Cónsono con lo anterior, hemos expresado que "desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX". *In re Abendaño Ezquerro*, 198 DPR 677, 681 (2017). Véase, también, *In re Bello Rivera*, 192 DPR 812, 816 (2015). Más aún, esto representa una afrenta al poder judicial. *In re Acevedo Álvarez*, 199 DPR, en la pág. 7. Esto es así porque causa demoras irrazonables en el trámite de los casos e incide de forma negativa en la sana administración de la justicia. *In re Hoffman Mouriño*, 170 DPR 968 (2007). Es por tal razón que se le exige a todos los integrantes de la profesión legal que respondan diligente y oportunamente a los requerimientos y a las órdenes de los tribunales. *In re Jiménez Meléndez*, 198 DPR 453, 457 (2017); *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014).

Por otra parte, el Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 12, impone al abogado el deber de tramitar las causas con puntualidad y diligencia. Véanse

*In re Irizarry Vega*, 198 DPR 1066, 1072-73 (2017); *In re Nieves Nieves*, 181 DPR 25, 35 (2011). "Asimismo, impone a los abogados la obligación de ser responsables en la tramitación de los casos que les son encomendados, para evitar que se entorpezca su resolución". *In re Nieves Nieves*, 181 DPR, en la pág. 35. De acuerdo con ello, este Tribunal ha expuesto que "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción del cliente, son infracciones patentes del Canon 12". *In re Irizarry Vega*, *supra*. Véase *In re Vázquez Bernier*, 198 DPR, en la pág. 466.

De igual modo, hemos señalado que existe un deber de ser puntual en el trámite de los litigios y que el abogado deberá ser diligente en todas las etapas del pleito para evitar dilaciones indebidas. *In re Irizarry Vega*, 198 DPR; *In re Nazario Díaz* [I], 195 DPR 623, 635 (2016). También hemos dispuesto que, conforme al Canon 12, los abogados deben observar estrictamente las órdenes judiciales, pues de no hacerlo quedarían sujetos a sanciones disciplinarias. *In re Nieves Nieves*, 181 DPR, en la pág. 36; *In re Collazo I*, 159 DPR 141, 148-49 (2003). Así, desobedecer las órdenes de los tribunales "demuestra una grave infracción a los principios básicos de ética profesional, que exigen el mayor respeto hacia los tribunales". *In re Nieves Nieves*, *supra*. Ello, pues, los abogados deben ser fieles cumplidores de la ley y el poder judicial. *Id*.

El Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, impone a los abogados el deber de "defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Es por tal razón que hemos dictaminado que un abogado "incurre en una falta al Canon 18 cuando, a pesar de asumir la representación legal de un cliente, demuestra una capacitación inadecuada o presta una atención indebida a la causa encomendada". *In re Roldán González*, 195 DPR 414, 422 (2016).

Sobre esa indebida atención a los asuntos encomendados, hemos indicado que los integrantes de la profesión legal tienen la obligación de defender diligentemente y dentro del marco ético los derechos e intereses de su cliente. *In re Roldán González*, 195 DPR, en la pág. 423. Además, el Canon 18 exige que los integrantes de la profesión legal ejerzan la profesión con celo, cuidado y prudencia. *In re Nazario Díaz [II]*, 198 DPR 793, 803 (2017); *In re Rivera Nazario [I]*, 193 DPR 573, 582 (2015). Consiguientemente, se exige a los integrantes de la profesión que empleen toda su capacidad, lealtad, responsabilidad, efectividad y la más completa honradez en el trámite de los casos ante los tribunales. *In re Cuevas Borrero*, 185 DPR 189, 199 (2012). A esos efectos, hemos afirmado que en la profesión legal no hay espacio para actuar con desidia, despreocupación, displicencia, indiferencia e inacción. *In re Nazario Díaz*

[*II*], 198 DPR, en las págs. 803-04; *In re Díaz Nieves et als.*, 189 DPR 1000, 1012 (2013).

Al interpretar el Canon 18, este Tribunal ha pautado que "cuando un abogado acepta la encomienda de representar a una persona y no la ejecuta *adecuada y responsablemente*, incumple con este canon". *In re Rivera Nazario*, 193 DPR, en la pág. 582. "Así también hemos sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso, se configura violatoria del citado Canon 18". *In re Nieves Nieves*, 181 DPR, en la pág. 37. Véase, además: *In re Pérez Villanueva*, 198 DPR 1006, 1010 (2017). Más aún, constituye violación al Canon 19 cuando la falta de diligencia ocasiona la pérdida de una causa de acción para el cliente. *In re Rivera Nazario*, 193 DPR, en la pág. 583. Es impermisible el abandono o la desatención por parte del abogado de la causa de acción de su cliente. *In re Díaz Rosado I*, 198 DPR 412, 416 (2017).

A fin de cuentas, cuando el abogado es negligente en su proceder ante los tribunales, los intereses del cliente son los verdaderamente afectados. *In re Nieves Nieves*, 181 DPR, en la pág. 38. Es por ello, que "[e]s necesario tener presente que '[e]l cliente confía que en la tarea de guiar sus causas el abogado desplegará sensibilidad, eficiencia y pericia. *In re Cuevas Borrero*, 185 DPR, en la pág. 199, citando a *In re Mulero Fernández*, 174 DPR 18, 30 (2008). El letrado debe ser diligente, que no es otra cosa, que realizar "las gestiones que le fueron encomendadas en momento

oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de una controversia". S. Steidel Figueroa, *Ética para juristas: ética del abogado y responsabilidad disciplinaria*, San Juan, Eds. SITUM, 2016, pág. 221.

Entre las circunstancias específicas que hemos indicado como falta de diligencia están las siguientes: (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción, o (6) cualquier tipo de actuación negligente que pueda o resulte en la desestimación o archivo del caso. *In re Irizarry Vega*, 198 DPR, en la pág. 1074; *In re Nieves Nieves*, 181 DPR, en la pág. 38.

Por último, el Canon 20 del Código de Ética Profesional, 4 LPRA AP. IX C. 20, establece en lo pertinente que es deber del abogado informarle a sus clientes si no puede darle una representación capaz, responsable y adecuada. Además, debido a que la relación abogado-cliente está fundamentada en absoluta confianza, es obligatorio que los abogados tomen las medidas razonables necesarias para evitar perjuicio a los derechos de sus clientes. *In re Rivera Ramos*, 178 DPR 651, 666 (2010). En atención a ello, el "abogado debe a [su cliente] un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez". *Id.* Por tal razón, cuando un abogado que ha sido contratado

por un cliente para representarlo en un caso ante los tribunales y, posterior a dicha contratación se ve imposibilitado de proseguir con la causa de acción, deberá informarlo a su cliente y renunciar a la representación de éste. Solo de esta manera se podrán proteger los intereses del cliente. Si existe una falta de comunicación que impida al abogado actuar con la diligencia que los cánones requieren, es su deber renunciar en ese momento. Más aún, constituye una falta ética no renunciar a la representación legal de un cliente en un pleito pendiente cuando el resultado de esa acción fue que el pleito se archivó. *In re Díaz Santiago*, 164 DPR 41, 44 (2005).

Por último, el Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 38, instituye el deber de todo abogado de exaltar el honor y la dignidad de su profesión y de evitar hasta la apariencia de conducta profesional impropia. Ello implica que todo letrado debe desempeñarse de forma escrupulosa y guiado por un alto sentido de responsabilidad, teniendo siempre presente la función social que ejerce y la institución que representa. *In re Fingerhut Mandry,* 196 DPR 327 (2016).

### III.

Luego de evaluar la normativa disciplinaria expuesta entendemos que, según se concluye en el *Informe* del Comisionado Especial, la licenciada Villalba Ojeda infringió los Cánones 9, 12, 18, 19 y 20 de Ética Profesional según imputados en la Querella. Conforme al aludido *Informe*, la licenciada Villalba Ojeda se desempeñó en forma contraria a

los principios éticos que rigen la práctica de la profesión legal en nuestra jurisdicción.

En particular, la licenciada Villalba Ojeda incurrió en conducta contraria a los preceptos contenidos en los Cánones de Ética Profesional 9 y 12 al desatender las órdenes emitidas por el foro primario, lo que resultó en dilaciones innecesarias en el trámite del asunto que le fue encomendado y, en última instancia, en la desestimación de la causa de acción de sus clientes. En cuanto al Canon 18, la letrada de epígrafe incumplió con sus deberes éticos al no actuar en protección de los intereses de sus clientes y no ser diligente en el trámite de su causa de acción. Surge inequívocamente del expediente que la letrada abandonó y desatendió el caso que instó en el que representaba los intereses de los señores Vázquez Cabrera, incurriendo con dicha conducta en una clara violación al Canon 18.

Lo que es peor, la licenciada Villalba ni tan siquiera notificó a sus clientes de la presentación de la demanda ni de los incidentes procesales que provocaron la desestimación de su reclamo. De esta manera, la licenciada incurrió en conducta contraria al Canon 19 al no mantener adecuadamente informado a sus clientes del asunto que le fue encomendado. Con su proceder, la licenciada Villalba Ojeda también incurrió en conducta contraria al Canon 20 del Código de Ética Profesional. Ello es así puesto que, si sabía que no podía dar una representación capaz, responsable y adecuada a sus clientes, su deber era informarles de tal situación y, renunciar al caso para el cual fue contratada.

Este Tribunal ha establecido que, al determinar la sanción disciplinaria aplicable a un abogado querellado, se pueden tomar en consideración factores tal y como su historial profesional, si se trata de una primera falta o conducta aislada, el ánimo de resarcir al cliente y cualquier otra consideración que sirva de atenuante o agravante conforme a los hechos. Véase *In re Rivera Rodríguez*, 2019 TSPR 140. Evaluado el expediente personal de la licenciada Vilalba Ojeda, notamos que ésta ha sido objeto de procedimientos disciplinarios previos por infringir los preceptos éticos que rigen la profesión de la abogacía y la notaría. Según se adelantó, el 15 de octubre de 2015, suspendimos a la licenciada Villalba Ojeda del ejercicio de la abogacía y la notaria por un término de tres (3) meses por violar los Cánones 9, 12, 18, 20 y 38 de Ética Profesional. *In re Villalba Ojeda*, 193 DPR 966 (2015).[3]

En esta ocasión, las faltas que le fueron imputadas, según éstas fueron admitidas por la propia letrada, le causaron perjuicio a sus clientes a quienes se les desestimó su demanda ante el Tribunal de Primera Instancia. Sin lugar a duda, el historial disciplinario de la letrada no demuestra que lo sucedido haya sido una conducta aislada.[4] No obstante,

---

[3] Transcurrido dicho término, ordenamos su reinstalación.

[4] Además de esta Queja ética sustantiva, la licenciada ha incumplido con nuestras órdenes de corregir las deficiencias en su obra notarial y atender los trámites pendientes ante la ODIN. Al día de hoy, la licenciada no ha comparecido a la ODIN, ni se ha comunicado con su personal. Sin lugar a duda, a pesar del sinnúmero de oportunidades provistas para comparecer y cumplir con lo ordenado, la licenciada Villalba Ojeda ha hecho caso omiso de nuestros pronunciamientos y

la licenciada Villalba Ojeda aceptó los hechos que originaron la querella en su contra, mostró arrepentimiento por ellos y devolvió los honorarios cobrados a sus clientes.

Al evaluar la conducta de la licenciada Villalba Ojeda a la luz de los preceptos éticos anteriormente discutidos es forzoso concluir que sus actuaciones representan violaciones a los deberes consagrados en los Cánones 9, 12, 18, 19 y 20 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9, 12, 18, 19, 20.[5] En consideración a que las circunstancias particulares de cada caso son únicas y determinantes al momento de imponer la sanción, resulta forzoso acoger en parte la recomendación del Comisionado Especial y decretar la suspensión de la licenciada Villalba Ojeda de la práctica de la abogacía por un término de seis (6) meses.[6]

## IV.

Por los fundamentos que anteceden, se ordena la suspensión de la licenciada Villalba Ojeda de la práctica de la abogacía por un término de seis (6) meses. En caso de que la señora Villalba Ojeda esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar

---

apercibimientos y ha optado por desatender su deber de respetar la autoridad de este Tribunal.

[5] Resulta preciso aclarar que, ante los hechos reseñados, resulta improcedente emitir una sanción al amparo del Canon 38, 4 LPRA Ap. IX, C. 38. Ciertamente, no estamos ante un supuesto de apariencia de conducta impropia, sino más bien ante una exteriorización inicua de dejadez, negligencia e incumplimiento con deberes éticos específicamente delimitados en el Código de Ética Profesional.

[6] La señora Villalba Ojeda también deberá subsanar las deficiencias que le fueron notificadas por la ODIN.

representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días, contados a partir de la notificación de la presente opinión.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*  Elba Nilsa Villalba Ojeda (TS-9,463) | **Núm.** CP-2017-0010 |  |

SENTENCIA

San Juan, Puerto Rico, a 14 de noviembre de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión de la licenciada Villalba Ojeda de la práctica de la abogacía por un término de seis (6) meses. En caso de que la señora Villalba Ojeda esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días, contados a partir de la notificación de la presente opinión.

Además, se le ordena a la señora Villalba Ojeda subsanar las deficiencias que le fueron notificadas por la ODIN.

Notifíquese personalmente a la señora Villalba Ojeda esta Opinión *Per Curiam* y Sentencia.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo